## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: WYATT & MCALISTER, PLLC            CHAPTER 7 PROCEEDING
BANKRUPTCY PETITION NO. 09-04354-EE

### EMERGENCY MOTION TO DISMISS CHAPTER 7 VOLUNTARY PETITION

COMES NOW Mary McAlister, a 50% owner of Debtor Wyatt & McAlister, PLLC, and respectfully requests that the Court dismiss the Chapter 7 Voluntary Petition ("Petition") filed by Derek Wyatt, the other 50% owner of Debtor Wyatt & McAlister, PLLC. For the reasons discussed below, Derek Wyatt lacks the authority to unilaterally act on behalf of Wyatt & McAlister, PLLC and file the Petition. Rather, pursuant to statute, the Petition only may be filed on behalf of Wyatt & McAlister, PLLC with the approval of a majority of its members. A majority of the members of Wyatt & McAlister, PLLC did not authorize the filing of the Petition. Accordingly, the Petition should be dismissed. In support of this Motion, Mary McAlister will show unto the Court the following:

1. On September 22, 2008, a Mississippi LLC Certificate of Formation was filed with the Mississippi Secretary of State creating Wyatt & McAlister, PLLC ("W&M"). See Exhibit A. Mary McAlister ("McAlister") and Derek Wyatt ("Wyatt") are the only members of W&M, with each owning a 50% interest in W&M.

2. W&M has not adopted an operating agreement. Thus, pursuant to Miss. Code § 79-29-302, management of W&M is vested in its two members, McAlister and Wyatt. Further, pursuant to Miss. Code § 79-29-304(1)(2), McAlister and Wyatt each have one vote on all matters entitled to be voted on in connection with the business of W&M, and such matters may be undertaken only upon a majority vote of all of the members.

3. There has been no vote of the members of W&M to authorize the filing of the Petition on behalf of W&M. Further, McAlister presently has no intention of voting in favor of authorizing the filing of a Chapter 7 Voluntary Petition on behalf of W&M. Thus, because a majority of the members of W&M has not authorized the filing of the Petition, the Petition should be dismissed. Simply stated, Wyatt's one vote is insufficient to authorize the filing of the Petition on behalf of W&M.

4. Additionally, pursuant to Federal Rule of Bankruptcy Procedure 9011 and/or the Court's inherent power, McAlister respectfully requests that the Court sanction Wyatt and/or his Counsel of Record for falsely and fraudulently certifying the Petition. Wyatt is well aware of the relevant statutory scheme that requires a majority vote of the members of W&M in order to authorize the filing of the Petition. In the face of this clear statutory requirement, Wyatt falsely certified to the Court, under penalty of perjury, that he had "been authorized to file this petition on behalf of the debtor." Further, McAlister respectfully submits that the Petition was filed for the improper purpose of delaying parallel proceedings pending in Madison County Chancery Court. Specifically, court-appointed Special Master Robert Sneed has already conducted an evidentiary hearing to identify the assets of W&M in connection with the judicial dissolution proceeding pending in Madison County Chancery Court,[1] and post-hearing briefing in connection with that hearing is due today. A ruling identifying the assets of W&M is expected in early January 2010. Additionally, a hearing is scheduled on Friday in a related replevin/ declaratory judgment action pending in Madison County Chancery Court[2] that Wyatt has now removed to this Court based on the filing of the Petition. McAlister respectfully submits that the

---

[1] In re Wyatt & McAlister, PLLC, Civil Action No. 20090-90-B, pending in the Chancery Court of Madison County, Mississippi (filed January 16, 2009).

[2] David Nutt, P.A., et al. v. Derek A. Wyatt, Civil Action No. 2009-258-B, pending in the Chancery Court of Madison County, Mississippi (filed February 19, 2009).

imposition of monetary sanctions, including an award of attorneys' fees incurred by McAlister in connection with this Motion, is an appropriate sanction to deter Wyatt and his Counsel from future abuses of this Court's time, resources and procedures.

ACCORDINGLY, McAlister respectfully requests that the Court dismiss the Petition. Further, McAlister respectfully requests that the Court sanction Wyatt and his Counsel of Record for filing this patently false and frivolous Petition and impose monetary sanctions, including an award of attorneys' fees incurred by McAlister in connection with this Motion.

This the 14th day of December, 2009.

Respectfully submitted,

MARY MCALISTER

By: s/ Lawrence E. Allison, Jr.
    One of Her Attorneys

OF COUNSEL:

Christopher A. Shapley (MSB #6733)
Lawrence E. Allison, Jr. (MSB #1534)
Joseph Anthony Sclafani (MSB #99670)
Brunini, Grantham, Grower & Hewes, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street (39201)
Post Office Drawer 119
Jackson, MS 39205
Telephone: 601-948-3101
Facsimile: 601-960-6902
cshapley@brunini.com
lallison@brunini.com
jsclafani@brunini.com

## CERTIFICATE OF SERVICE

The undersigned counsel of record for Mary McAlister certifies that I have this day caused the above and foregoing pleading or other document to be served by United States Mail, postage prepaid, and also by electronic mail, on the following counsel of record:

Vann F. Leonard, Esq.
Attorney at Law
Post Office Box 16026
Jackson, MS  39236-6026
(Email: vfllaw@bellsouth.net)

This the 14th day of December, 2009.

s/ Lawrence E. Allison, Jr.