## IN THE CHANCERY COURT OF MADISON COUNTY, MISSISSIPPI

In re WYATT & McALISTER, PLLC,
a Mississippi Limited Liability Company

Cause No. 20090-90-B

### MARY E. McALISTER'S RESPONSE TO
### FIRST AMENDED APPLICATION FOR JUDICIAL DISSOLUTION

Mary E. McAlister, a member of Wyatt & McAlister, PLLC, a Mississippi Professional Limited Liability Company, ("Wyatt & McAlister") respectfully submits this response to Petitioner Derek Wyatt's First Amended Application for Judicial Dissolution ("Petition").

In response to the unnumbered paragraph of the Petition immediately following the caption, McAlister denies that Derek Wyatt is the "managing member" of Wyatt & McAlister. McAlister avers that management of Wyatt & McAlister is vested in its members pursuant to Miss. Code Ann. §79-29-302. Further, McAlister and Derek Wyatt are the only members of Wyatt & McAlister and, therefore, each is entitled to one vote on all matters entitled to be voted on by the members. *See* Miss. Code Ann. §79-29-304(1). There has been no vote of the members of Wyatt & McAlister to appointment Derek Wyatt as "managing member" or to otherwise vest in him any management authority greater than that to which his one vote entitles him.

And now, McAlister responds to the individually numbered paragraphs of the Petition:

### JURISDICTION AND VENUE

1. McAlister admits that she has been served, through her attorneys, with a copy of the Summons and First Amended Application for Judicial Dissolution. McAlister denies that allegation that she is a "former and now resigned member" of Wyatt & McAlister, and avers that she is currently a member of said professional limited liability company.

2. Admitted.





FILED THIS DATE
FEB 17 2009
ARTHUR JOHNSTON, CHANCERY CLERK
BY _____ D.C.

25.  McAlister avers that Miss. Code Ann. §§79-29-802 and 79-29-803 speak for themselves and, therefore, that no response to the allegations contained in Paragraph 25 concerning these provisions is required. However, if and to the extent a response is required, then McAlister denies the allegations contained in Paragraph 25.

26.  Denied. McAlister avers that by letter dated January 8, 2009, she informed Derek Wyatt that David Nutt had requested the immediate return of all files of Nutt & McAlister, PLLC, as well as the files of the other Nutt entities, including both hard copy and electronic files. McAlister further avers that this same letter informed Derek Wyatt that she was making arrangement to have these filed retrieved from the offices of Wyatt & McAlister by the end of the week or early the following week. Finally, McAlister avers that while Derek Wyatt has returned to Nutt & McAlister, PLLC and the other Nutt entities some of the hard copy files, Derek Wyatt continues to wrongfully withhold and possess additional hard copy files, as well as electronic files that are property of Nutt & McAlister, PLLC and the other Nutt entities.

27.  Denied.

28.  Denied. McAlister denies that the appointment of a trustee or receiver is necessary to accomplish a winding-up of the affairs of Wyatt & McAlister. McAlister avers that Wyatt & McAlister has virtually no assets, and there are insufficient funds to pay Wyatt & McAlister's present creditors. McAlister further avers that her attorneys have attempted to arrange numerous meetings with Derek Wyatt to discuss the winding-up of the affairs of Wyatt & McAlister, and, to date, Derek Wyatt has refused to meet or communicate with her attorneys regarding the dissolution and winding-up of the affairs of Wyatt & McAlister.

29.  Denied. McAlister denies that Derek Wyatt is entitled to any compensation or other payment of any kind whatsoever in connection with the winding-up of the affairs of Wyatt