**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE: WYATT & McALISTER PLLC                    CHAPTER 7 PROCEEDING
                                                 CASE NO. 09-04354-ee

**DEBTOR'S BRIEF IN OPPOSITION TO EMERGENCY**
**MOTION TO DISMISS CHAPTER 7 VOLUNTARY PETITION**

COMES NOW Debtor Wyatt & McAlister PLLC, through counsel, and files this its Brief in Opposition to Emergency Motion to Dismiss Chapter 7 Voluntary Petition filed by Mary McAlister, and in support thereof would respectfully show unto this honorable Court as follows, to-wit:

**FACTS**

On September 22, 2008, Mary McAlister and Derek Wyatt formed Wyatt & McAlister, PLLC, with a Mississippi LLC Certificate of Formation being filed with the Mississippi Secretary of State. Wyatt & McAlister did not adopt an operating agreement; therefore, each member of the LLC owns a 50% interest in Wyatt & McAlister.

The Debtor would submit that Movant McAlister resigned from Wyatt & McAlister effective January 9, 2009. On January 12, 2010, Derek Wyatt filed a Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of Mississippi on behalf of Wyatt & McAlister. Because McAlister did not deposit the monthly capitol contribution for the month of January, Wyatt & McAlister incurred substantial debt. For example, there is a lawsuit against Wyatt & McAlister for $118,000.00 for unpaid rent. Further, there is a default for equipment lease in addition to liens against Wyatt & McAlister from the Mississippi State Tax Commission. There are also multiple defaults on Wyatt & McAlister's vendor contracts with Pitney Bowes, FedEx, Westlaw, and BCI.

**ARGUMENT**

1

The issue before this court is whether Mary McAlister effectively withdrew under §79-29-803(1) of the Miss. Code Ann. (1972) as amended. In Price v. Gurney, the Supreme Court held that local law determines who has "to act for a corporation in filing a bankruptcy petition." 324 U.S. 1000, 65 S. Ct, 513, 89 L.Ed. 776 (1945). In this matter, there is no operating agreement to dictate the rules as to how a member may resign or withdraw under the LLC. It is the debtor's contention that Mary McAlister turned in her "resignation" and withdrew from the LLC on January 9, 2009. Further, it is the debtor's belief that McAlister had been planning said resignation prior to the January 9th date. At the beginning of every month, Mary McAlister was to deposit $25,000.00 as a capital contribution into Wyatt& McAlister's checking account in order for the company to operate. By the end of December 2008, McAlister had not deposited the $25,000.00 for the month of January. By Monday January 4, 2009, McAlister still had not deposited the $25,000.00 into Wyatt & McAlister's checking account. Because McAlister failed to fund the company, Wyatt & McAlister had insufficient funds to pay its employees and monthly expenses. McAlister intentionally allowed Wyatt & McAlister to become insolvent prior to her "resigning" from the company. Based on Mary McAlister's actions, it is evident that her intent was to withdraw from this limited liability company.

The Mississippi Limited Liability Act fails to contain language that allows a member of a limited liability company to "resign" from a limited liability company. Yet, in many Florida LLC statutes, the term "withdraw" is used as a synonym of "resign." In essence, the term "resign" is a synonym of "withdraw" in numerous limited liability corporation statutes. For example,

Fla. Stat. § 608. 427 of the Florida Statutes are titled "Withdrawal of member and distribution upon withdrawal." More specifically, the statute states,

> (1) A member may withdraw from a limited liability company only at the time

2

upon the occurrence of an event specified in the articles of organization or operating agreement...unless the articles of organization or operating agreement provides otherwise, a member may not resign from a limited liability agreement prior to the dissolution...Fla. Stat. §608. 427.

It is evident from the above language that the word "resign" is the same as "withdraw." There is no distinction between the two terms. The State of Florida is not the only state that employs the terms "resign" and "withdraw" as synonyms. California's statute is titled "Withdrawal of Member; Notice; Entitlement to distribution" and uses the phrase "withdraw, resign or retire," as synonyms. Cal. Corp. Code, §17252. Specifically, the statute states,

> (a) The articles of organization or a written operating agreement may provide that a member may withdraw, resign, or retire from a limited liability company at the time or upon the happening of events specified in the operating agreement or that the member shall not have the right to withdraw, resign, or retire as a member of a limited liability company. Cal. Corp. Code §17252.

Like California, the State of Nevada uses the terms "resignation" and "withdrawal" as synonyms as well. The caption of the Nevada state statute is titled, "Resignation or withdrawal of member: Limitation; payment to member who rightfully resigns or withdraws." Nev. Rev. Stat. Ann §86.331. Ohio is another state which considers the terms "resign" and "withdraw" as one and the same. The Ohio state statute states, ..."a person ceases to be a member of a limited liability company upon the occurrence of any of the following events of withdrawal: (A) A member resign or withdraws as a member in accordance with the operating agreement..." ORC Ann. 1705. 15. In Burton's Legal Thesaurus, lists "withdraw" and "withdrawal" as synonyms of "resign" and "resignation." *Burton's Legal Thesaurus* (3d ed., McGraw-Hill 1998)

As stated above, Mississippi statutes only use the term "withdraw." However, based on multiple legal authorities, the terminology "withdraw" and "resign" are one in the same. Based on

3

the actions of Mary McAlister leading up to her letter of resignation, it is clear that her intent was to withdraw from the limited liability company. Mary McAlister carefully crafted her January 9, 2009 letter when she used the term "resign." It is evident that her actions demonstrated that she had no intent of remaining a member of Wyatt & McAlister when she sent her letter of resignation; therefore, she intentionally did not fund the company. As a result, she left the company as insolvent. However, when McAlister "resigned" from Wyatt & McAlister she also "withdrew."

It is well established law that the remaining members of a Limited Liability Company may wind up the limited liability company's affairs. §79-29-801 of the Miss. Code. Ann (1972) as amended. In this matter, Wyatt & McAlister LLC owed a numerous amount of debts in the form of liens, promissory notes, and delinquent accounts. Wyatt & McAlister was an insolvent entity and therefore was not able to meet its legal obligations. By filing for Chapter 7 relief on behalf of Wyatt & McAlister, Derek Wyatt took the steps that were necessary the protect the limited liability company.

The second issue in this matter is whether Mary McAlister is entitled to sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011 in which she prayed for in her Motion. Section B of Rule 9011 specifically states,

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable

        opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief. Federal Rule Bankuptcy Procedure Rule 9011.

In this matter, there is a clear and genuine issue of whether Mary McAlister did in fact withdraw from Wyatt & McAlister, LLC. The bankruptcy petition was not filed "improper purpose of delaying parallel proceedings pending in Madison County Chancery Court" as purported by McAlister's Motion to Dismiss. Wyatt's assertion that when McAlister "resigned" from the company, she in essence "withdrew" from the company. Wyatt's actions and beliefs are founded on legal contentions that are supported by multiple state statutes. Wyatt's argument in favor of the filing of the Chapter 7 Bankruptcy is not frivolous in nature and is warranted by evidentiary support.

Not only did Wyatt have reasonable belief that he was acting with proper authority when he filed the bankruptcy, but the bankruptcy was filed for the proper purpose. In the case of In re Tagt, L.P., the court granted sanctions against a member of an LLC because he lacked the authority to file the bankruptcy. 393 B.R. 143 (Bkrtcy.S.D.Tex. 2006). In that matter, the court found that the filing member's "desire to inflict injury on other LLC members" and not because of an "alleged default to a bank." Id.

This matter is easily distinguishable from the case above. Here, not only did Wyatt truly believe he had proper standing to file the bankruptcy, but Wyatt & McAlister LLC is in debt to numerous companies, individuals, and the Mississippi State Tax Commission with absolutely no ability to pay said debts. In this instance, the debtor did not file the Chapter 7 bankruptcy for any other purpose than for the legal protection afforded under the bankruptcy code.

## **CONCLUSION**

It is evident that the Movant's Motion to Dismiss Chapter 7 Voluntary Petition is without merit. When McAlister sent in her letter of resignation she effectively withdrew from the company. The Debtor had an obligation to wind up the limited liability company's affairs as provided under §79-29-803(1). It is uncontroverted that Wyatt & McAlister is an insolvent entity; thus, the debtor filed the Chapter 7 bankruptcy for the legal protection it provided under the code and not for delay nor harassment.

Accordingly, the Debtor respectfully requests that this honorable Court deny the Movant's Motion to Dismiss Chapter 7 Voluntary Petition. The Debtor in entitled to recover from McAlister all attorney's fees and costs expended in connection herewith. Further the Debtor prays for any and all relief, either general or specific, to which it may be entitled in the premises.

DATED this the 30th day of March, 2010.

Respectfully submitted,

WYATT & McALISTER PLLC

By:   s/ Vann F. Leonard
      Vann F. Leonard, Attorney for the Debtor

Vann F. Leonard, MSB No. 9611
Betty T. Slade DeRossette, MSB No. 101118
Post Office Box 16026
Jackson, Mississippi 39236-6026
(601) 956-8001
FAX (601) 206-9500

CERTIFICATE OF SERVICE

I hereby certify that I have this date caused to be mailed by prepaid First Class United

States Mail a true and correct copy of the above and foregoing Brief electronically filed with the

Clerk of this Court using the ECF system, to the following persons named below:

Lawrence E. Allison, Jr., Esquire- **lallison@brunini.com**
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205

Office of the United States Trustee
Attention: Ronald H. McAlpin, Esquire- **ronald.mcalpin@usdoj.gov**
100 West Capitol Street, Suite 706
Jackson, Mississippi 39269

J. Stephen Smith, CPA- **trustee1@smithcpafirm.com**
Chapter 7 Cast Trustee
5 Old River Place, Ste 107
Jackson, Mississippi 39202

DATED this the 30th day of March, 2010.

                                                    s/Vann F. Leonard