IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: WYATT & McALISTER PLLC                    CHAPTER 7 PROCEEDING
                                                  CASE NO. 09-04354-ee

MEMORANDUM BRIEF IN OPPOSITION OF MARY McALISTER'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COMES NOW Debtor Wyatt & McAlister PLLC, through counsel, and files this its Brief in Opposition of Mary McAlister's Memorandum in Support of Motion to Dismiss, and in support thereof would respectfully show unto this honorable Court as follows, to-wit:

On April 5, 2010, counsel for Mary McAlister filed her Memorandum in Support of Motion to Dismiss. In her brief, opposing counsel stated that the authority to initiate a bankruptcy proceeding on behalf of a limited liability company is governed by state law. While it is true that "state substantive law determines the existence of a claim; however, its allowance or disallowance is a matter of federal law and is left to the bankruptcy court's exercise of equitable powers." In re Matter of Sam E. Ford, 967 F.2d 1047 (C.A.5 Tex. 1992), citing In re Shelter Enterprises, 98 B.R. 224, 229 (Bankr. W.D. Pa. 1989).

It is without a doubt that state law allows a bankruptcy proceeding to be filed on behalf of a corporation. However, Section 105(a) of the Bankruptcy Code specifically grants bankruptcy courts inherent powers under the code. More specifically, "The court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title. 11 U.S.C. 105(a).

"Further, a bankruptcy court is a court of equity. As a court of equity, it may look through form to the substance of a transaction and devise new remedies where those at law are inadequate. In re Global Western Development Corp., 759 F.2d 724, 727 (9th Cir.1985); In re Huntington Ltd., 654 F.2d 578, 589-90 (9th Cir.1981) (bankruptcy courts are courts of equity)."

Based on the facts and circumstances in this matter, this Court should exercise its inherent powers under 11 U.S.C. 105(a) in granting Wyatt & McAlister to proceed with the bankruptcy. Opposing counsel argues that McAlister merely resigned from Wyatt & McALister LLC and did not withdraw. However, McAlister's actions suggest otherwise. As stated in *Debtor's Brief in Opposition to Emergency Motion to Dismiss Chapter 7 Voluntary Petition*, prior to McAlister's "resignation" on January 9, 2009, she failed to deposit her usual $25,000.00 capital contribution into the LLC. As a result, the limited liability company became insolvent prior to her "resignation." Wyatt & McAlister had insufficient funds to pay its employees and monthly expenses.

McAlister stated in her letter dated January 9, 2009, that she was "resigning" from Wyatt & McAlister. As stated in the debtor's previous brief, the Mississippi Limited Liability Act fails to contain language that allows a member of a limited liability company to "resign." It is clear, however, that the term "withdraw" is a synonym of "resign." The states of Florida, California, Nevada, and Ohio all interchangeably use the terms "resign" and "withdraw" as one in the same when referring as to when an individual may withdraw or resign from a limited liability company.

In this matter, Wyatt filed the bankruptcy petition for the sole purpose of obtaining the proper relief that is afforded under bankruptcy law. It is clear and uncontroverted that Wyatt & McAlister, LLC is insolvent. By her own admission, McAlister in her Response to the First Amended Application for Judicial Dissolution pending in the Chancery Court of Madison County, Mississippi in Cause No. 2009-90-B, "avers that Wyatt & McAlister has virtually no assets, and there are insufficient funds to pay Wyatt & McAlister's present creditors." (See Exhibit "A" at ¶28).

Based on the foregoing, the bankruptcy court should use its inherent powers and allow this

bankruptcy to proceed forward using its powers under 11 U.S.C. 105(a). It is clear that when McAlister "resigned" from the company she in essence "withdrew." As stated above, there is no provision allowing a person to "resign" from a limited liability company under the Mississippi Limited Liability Act. Therefore, when McAlister "resigned" from the company she "withdrew." As stated above, there are numerous state statutes that interchangeably use the terms "resign" and withdraw" as one in the same when referring to when a member withdraws or resigns from a limited Liability company.

Under section 11 U.S.C. 105(a) it is necessary and appropriate to allow Wyatt & McAlister to proceed with the Chapter 7 bankruptcy. Not only did he believe he had proper standing to file said bankruptcy, but Wyatt & McAlister is indebted to companies, individuals, and the Mississippi State Tax Commission with no ability to repay said debt. It is necessary for this court to use its inherent powers and in an equitable manner deny the Movant's Motion to Dismiss Chapter 7 Voluntary Petition.

DATED this the 12th day of April, 2010.

Respectfully submitted,

WYATT & McALISTER PLLC

By:   s/ Vann F. Leonard
Vann F. Leonard, Attorney for the Debtor

3

Vann F. Leonard, MSB No. 9611

Betty T. Slade DeRossette, MSB No. 101118

Post Office Box 16026

Jackson, Mississippi 39236-6026

(601) 956-8001

FAX (601) 206-9500

## CERTIFICATE OF SERVICE

I hereby certify that I have this date caused to be mailed by prepaid First Class United States Mail a true and correct copy of the above and foregoing Brief electronically filed with the Clerk of this Court using the ECF system, to the following persons named below:

Lawrence E. Allison, Jr., Esquire- **lallison@brunini.com**
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205

Office of the United States Trustee
Attention: Ronald H. McAlpin, Esquire- **ronald.mcalpin@usdoj.gov**
100 West Capitol Street, Suite 706
Jackson, Mississippi 39269

J. Stephen Smith, CPA- **trustee1@smithcpafirm.com**
Chapter 7 Cast Trustee
5 Old River Place, Ste 107
Jackson, Mississippi 39202

4

Eileen N. Shaffer, Esquire-enslaw@bellsouth.net
401 E. Capitol Street, Suite 316
P.O. Box 1177
Jackson, Mississippi 39215

DATED this the 12th day of April, 2010.

                                          s/Vann F. Leonard

IN THE CHANCERY COURT OF MADISON COUNTY, MISSISSIPPI

In re WYATT & McALISTER, PLLC,
a Mississippi Limited Liability Company

Cause No. 20090-90-B

### MARY E. McALISTER'S RESPONSE TO FIRST AMENDED APPLICATION FOR JUDICIAL DISSOLUTION

Mary E. McAlister, a member of Wyatt & McAlister, PLLC, a Mississippi Professional Limited Liability Company, ("Wyatt & McAlister") respectfully submits this response to Petitioner Derek Wyatt's First Amended Application for Judicial Dissolution ("Petition").

In response to the unnumbered paragraph of the Petition immediately following the caption, McAlister denies that Derek Wyatt is the "managing member" of Wyatt & McAlister. McAlister avers that management of Wyatt & McAlister is vested in its members pursuant to Miss. Code Ann. §79-29-302. Further, McAlister and Derek Wyatt are the only members of Wyatt & McAlister and, therefore, each is entitled to one vote on all matters entitled to be voted on by the members. See Miss. Code Ann. §79-29-304(1). There has been no vote of the members of Wyatt & McAlister to appointment Derek Wyatt as "managing member" or to otherwise vest in him any management authority greater than that to which his one vote entitles him.

And now, McAlister responds to the individually numbered paragraphs of the Petition:

#### JURISDICTION AND VENUE

1. McAlister admits that she has been served, through her attorneys, with a copy of the Summons and First Amended Application for Judicial Dissolution. McAlister denies that allegation that she is a "former and now resigned member" of Wyatt & McAlister, and avers that she is currently a member of said professional limited liability company.

2. Admitted.





FILED THIS DATE
FEB 17 2009
ARTHUR JOHNSTON, CHANCERY CLERK
BY _____ D.C.

25. McAlister avers that Miss. Code Ann. §§79-29-802 and 79-29-803 speak for themselves and, therefore, that no response to the allegations contained in Paragraph 25 concerning these provisions is required. However, if and to the extent a response is required, then McAlister denies the allegations contained in Paragraph 25.

26. Denied. McAlister avers that by letter dated January 8, 2009, she informed Derek Wyatt that David Nutt had requested the immediate return of all files of Nutt & McAlister, PLLC, as well as the files of the other Nutt entities, including both hard copy and electronic files. McAlister further avers that this same letter informed Derek Wyatt that she was making arrangement to have these filed retrieved from the offices of Wyatt & McAlister by the end of the week or early the following week. Finally, McAlister avers that while Derek Wyatt has returned to Nutt & McAlister, PLLC and the other Nutt entities some of the hard copy files, Derek Wyatt continues to wrongfully withhold and possess additional hard copy files, as well as electronic files that are property of Nutt & McAlister, PLLC and the other Nutt entities.

27. Denied.

28. Denied. McAlister denies that the appointment of a trustee or receiver is necessary to accomplish a winding-up of the affairs of Wyatt & McAlister. McAlister avers that Wyatt & McAlister has virtually no assets, and there are insufficient funds to pay Wyatt & McAlister's present creditors. McAlister further avers that her attorneys have attempted to arrange numerous meetings with Derek Wyatt to discuss the winding-up of the affairs of Wyatt & McAlister, and, to date, Derek Wyatt has refused to meet or communicate with her attorneys regarding the dissolution and winding-up of the affairs of Wyatt & McAlister.

29. Denied. McAlister denies that Derek Wyatt is entitled to any compensation or other payment of any kind whatsoever in connection with the winding-up of the affairs of Wyatt

8