IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                                             CHAPTER 7

WYATT & McALISTER, PLLC,                                      CASE NO. 09-04354-EE
DEBTOR

REPLY MEMORANDUM OF MARY McALISTER
RESPONDING TO
DEBTOR'S BRIEF IN OPPOSITION TO MOTION TO DISMISS

MARY McALISTER ("McAlister") submits this Reply Memorandum in support of her "Emergency Motion to Dismiss Chapter 7 Voluntary Petition" [Doc #6] (the "Motion"). McAlister responds to the Debtor's Brief in Opposition to the Motion [Doc #74] ("Debtor's Opposition Brief"), as follows:

**Introduction**

With deference to counsel of record for Wyatt & McAlister, PLLC ("W&M"), the Debtor's Opposition Brief, like the Debtor's Response to the Motion [Doc #8], ignores the facts and the law in arguing that Derek Wyatt ("Wyatt") had the requisite authority to file the Voluntary Petition [Doc #1] that commenced this Chapter 7 case. The Debtor's arguments must fail. Simply stated, applicable law provides that a majority vote of the members of a Mississippi limited liability company is required to take such action on its behalf. Wyatt owns only a 50% equity interest in W&M. Nevertheless, he filed the Petition on its behalf without the consent, or even the knowledge, of McAlister, who owns the remaining 50% equity interest. Accordingly, Wyatt did not have the requisite authority to file the Petition on behalf of W&M. McAlister's Motion must be granted.[1/]

---

[1/]    As McAlister noted in her "Memorandum of Mary McAlister in Support of Motion to Dismiss" [Doc #73] (McAlister's "Initial Memorandum"), the Court bifurcated its consideration of the relief requested by the Motion,

## The Issue

The issue before this Court is whether Wyatt had the requisite authority under the Mississippi Limited Liability Company Act[2] (sometimes referred to herein as "MLLCA") to file the Voluntary Petition on behalf of W&M.

The Debtor's Opposition Brief misstates the issue. It states that "[t]he issue before this court is whether Mary McAlister effectively withdrew under §79-29-803(1) of the Miss. Code Ann. (1972) as amended." (Debtor's Opposition Brief, p. 2) However, that section has nothing whatsoever to do with withdrawal of a member of a Mississippi limited liability company. Section 79-29-803(1) provides:

> (1) Unless otherwise provided in the certificate of formation or limited liability company agreement, the manager or managers, or, if management of the limited liability company is not vested in a manager or managers, the members who have not wrongfully dissolved a limited liability company, ***may wind up the limited liability company's affairs***; but the chancery court for the county in which the registered office of the limited liability company is located, upon cause shown, ***may wind up the limited liability company's affairs*** upon application of any member or manager, his legal representative or assignee, and in connection therewith, may appoint a liquidating trustee or receiver.

(Emphasis added)

As McAlister demonstrated in her Initial Memorandum, under the provisions of the MLLCA the dissolution and the winding up of the affairs of a limited liability company requires two steps. (*See* Initial Memorandum, pp. 12-13) First, it is dissolved, either non-judicially, under the provisions of Miss. Code Ann. §79-29-801, or judicially, under the provisions of Miss. Code Ann. §79-29-802. There is no dispute that Wyatt's filing of the Voluntary Petition stayed a

---

and stated that it would decide the request for dismissal first and retain jurisdiction to decide the request for sanctions after an order ruling on the request for dismissal becomes final. Accordingly, McAlister did not address the request for sanctions in her Initial Memorandum, and will not address it in this Reply Memorandum.

[2]   Miss. Code Ann. §§79-29-101, *et seq.*

judicial dissolution proceeding for W&M that was then pending in the chancery court of Madison County, Mississippi. That judicial dissolution proceeding had also been initiated by Wyatt. The chancery court has not yet dissolved W&M. Further, the MLLCA provides that a certificate of dissolution must be filed in the Mississippi Secretary of State's office upon dissolution of a limited liability company and commencement of the winding up of its affairs. Miss. Code Ann. §79-29-204  Because W&M has not yet been dissolved, no such certificate has yet been filed for W&M. Only after there has been a dissolution is the second step begun. The winding up of the limited liability company's affairs is also accomplished under provisions of the MLLCA, including Miss. Code Ann §79-29-803. Upon completion of the winding up, Section 79-29-204 requires the filing of a certificate of cancellation with the Mississippi Secretary of State's office.

The plain language of Section 79-29-803 reflects that it has nothing to do with withdrawal from a limited liability company by a member, or with the authority required for the filing of a voluntary bankruptcy petition on behalf of a limited liability company. In any event, McAlister demonstrated in her Initial Memorandum, and will again demonstrate below, that she is a 50% equity owner in W&M, and that Wyatt filed the Petition on behalf of W&M without having the requisite authority to do so.

## **Argument**

There is no dispute that the Certificate of Formation of W&M was filed with the Mississippi Secretary of State on September 22, 2008; that the Certificate identifies Wyatt and McAlister as the members of W&M; and, that no operating agreement was executed by Wyatt and McAlister. There is also no dispute that because there is no operating agreement W&M is governed solely by the provisions of the MLLCA. Under the provisions of the MLLCA, each

- 3 -

member of W&M is entitled to one vote on any matter entitled to be voted on by the members, and any action required or permitted to be taken by the members may be taken upon a majority vote of the members. *See* Miss. Code Ann. §79-29-304  If McAlister was a member of W&M on the date on which the Petition was filed, then Wyatt clearly acted without a majority vote of W&M's members -- and he clearly lacked the requisite authority to file the Voluntary Petition on its behalf.

The MLLCA defines "member" as a person that has been admitted to a limited liability company and that has not dissociated from the limited liability company. *Id.* §79-29-103(n)  It further defines "event of dissociation" as an event that causes a person to cease to be a member as provided in Section 79-29-307. Section 79-29-307, applicable to limited liability companies that were formed on or after July 1, 1998, provides, as follows:

> (1) ***A person ceases to be a member of a limited liability company upon the occurrence of one or more of the following events:***
>
> (a) The member withdraws by voluntary act from the limited liability company ***in accordance with the limited liability company agreement***;
>
> (b) The member ceases to be a member of the limited liability company as provided in Section 79-29-702 [which provides, *inter alia*, that, except as provided by the certificate of formation or limited liability agreement, a member ceases to be a member upon assignment of the member's entire interest in a limited liability company];
>
> (c) The member is removed as a member in accordance with the certificate of formation or limited liability company agreement;
>
> (d) Subject to contrary provision in the certificate of formation or limited liability company agreement, or consent of all members at the time, the member (i) makes an assignment for the benefit of creditors; (ii) files a voluntary petition in bankruptcy; (iii) is adjudicated a bankrupt or insolvent; (iv) files a petition or answer seeking for himself any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any statute, law or regulation; (v) files an answer or other pleading admitting or failing to contest the material allegations of a petition filed against him in any proceeding of the nature described in this paragraph

(1)(d); or (vi) seeks, consents to or acquiesces in the appointment of a trustee, receiver or liquidator of the member or of all or any substantial part of his properties;

(e)  Subject to contrary provision in the certificate of formation or limited liability company agreement, or consent of all members at the time, if one hundred twenty (120) days after the commencement of any proceeding against the member seeking reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any statute, law or regulation, the proceeding has not been dismissed, or if within ninety (90) days after the appointment without his consent or acquiescence of a trustee, receiver or liquidator of the member or of all or any substantial part of his properties, the appointment is not vacated or stayed or within ninety (90) days after the expiration of any stay, the appointment is not vacated;

(f)  Subject to contrary provision in the certificate of formation or limited liability company agreement, or consent of all members at the time, in the case of a member who is an individual; (i) His death; or (ii) The entry of an order by a court of competent jurisdiction adjudicating him incompetent to manage his person or his estate;

(g)  Subject to contrary provision in the certificate of formation or limited liability company agreement, or consent of all members at the time, in the case of a member who is a trust or is acting as a member by virtue of being a trustee of a trust, the termination of the trust, but not merely the substitution of a new trustee;

(h)  Subject to contrary provision in the certificate of formation or limited liability company agreement, or consent of all members at the time, in the case of a member who is a partnership, limited partnership or limited liability company, the dissolution and commencement of winding up thereof;

(i)  Subject to contrary provision in the certificate of formation or limited liability company agreement, or consent of all members at the time, in the case of a member who is a corporation, the filing of a certificate of its dissolution or the equivalent for the corporation or the revocation of its charter and the lapse of one hundred eighty (180) days after notice to the corporation of revocation without a reinstatement of its charter; or

(j)  Subject to contrary provision in the certificate of formation or limited liability company agreement, or consent of all members at the time, in the case of an estate, the distribution by the fiduciary of the estate's entire interest in the limited liability company.

> (2)  ***The certificate of formation or limited liability company agreement may provide for other events the occurrence of which result in a person ceasing to be a member of the limited liability company***.
>
> (3)  ***Unless the certificate of formation or limited liability company agreement provides that a member has the power to do so, a member has no power to withdraw from a limited liability company.***

(Emphasis added)

Not surprisingly, the Debtor's Opposition Brief does not address, or even make reference to, Section 79-29-307.  The Debtor has not alleged any facts that would constitute an event of dissociation.  There can be no dispute that McAlister was admitted to W&M, and that she has not dissociated from W&M.  Therefore, there can be no dispute that McAlister is a "member" of W&M, as that term is defined under Section 79-29-103(n).

Ignoring the governing law, the Debtor argues that language contained in the limited liability company statutes of Florida, California and Nevada indicate that those states use the words "resign" and "withdraw" interchangeably.  (*See* Debtor's Opposition Brief, pp. 2-4)  The Debtor next argues that McAlister's letter dated January 8, 2009, in which she informed Wyatt that she would "resign" her employment as an attorney with W&M effective January 9, 2009, actually constituted a resignation or withdrawal of her membership in W&M.  Even assuming the Debtor's interpretations of those other states' statutes are correct, it is the Mississippi Limited Liability Company Act, and not the limited liability company acts of other states, that governs W&M.  Further, no facts described in the Debtor's Opposition Brief would constitute an event of dissociation under the MLLCA.  Perhaps more important, the MLLCA expressly provides that "[u]nless the certificate of formation or limited liability company agreement provides that a member has the power to do so, a member has no power to withdraw from a limited liability company."  *Id.* §79-29-307(3)  Therefore, even if the Debtor is correct in asserting that, at least

- 6 -

in some states, the terms "resign" and "withdraw" are used interchangeably, that assertion is not relevant to the issue now before this Court.  McAlister also notes that the Debtor's argument disingenuously fails to address, or even to acknowledge, the statement contained in her January 8, 2009, letter that, "[u]ntil we can reach an agreement on dissolution, I will maintain my 50% equity interest in" W&M.  (*See* McAlister's Employment Resignation Letter, March 5 Hearing, Exhibit 2)[3/]

The Debtor also argues, erroneously, that at the beginning of every month McAlister was to deposit $25,000 as a capital contribution into W&M's checking account to enable it to operate, and that she failed to make such a deposit for the month of January, 2009.  (*See* Debtor's Opposition Brief, p. 2)  The Debtor further argues that because McAlister failed to fund W&M, W&M had insufficient funds to pay its employees and monthly expenses.[4/]  Based on these implausible allegations, the Debtor concluded that, "it is evident that her intent was to withdraw from this limited liability company."  *Id*.  As McAlister noted in her Initial Memorandum, at pages 10-11, even if she were so unwise as to agree to provide unlimited funding to W&M, the agreement would have been unenforceable under the provisions of the MLLCA, which expressly provides that "[a] promise by a member to contribute to the limited liability company is not enforceable unless set out in a writing signed by the member."  Miss. Code Ann. §79-29-502  The Debtor has again ignored the facts and the law.  First, an unenforceable "failure to fund" is

---

[3/]  A copy of McAlister's Employment Resignation Letter was admitted into evidence as Exhibit 2 at the hearing conducted before this Court on March 5, 2010.  A copy is also attached to McAlister's Initial Memorandum as Exhibit 2.

[4/]  Wyatt has stated that the business of W&M ended on January 9 2009.  (*See* Statement of Financial Affairs [Doc #33], ¶18a; and Statement of Financial Affairs – Amended [Doc #59], ¶18a)  Thereafter, he changed the locks, and barred McAlister from the premises until after he had abandoned the premises.  (Even then, she gained access to the premises only by virtue of an order entered by the chancery court.)  He remained in possession of the premises (while operating a newly formed professional limited company named "Wyatt Law Firm PLLC") until approximately August 1, 2009.  He has not yet accounted for the amount of the unpaid expenses about which he complains that was actually incurred between January 9, 2009, and August 1, 2009, or that otherwise resulted from his wrongful holding over and use of the premises while operating his new firm after W&M's business ended.

not an event of dissociation under the MLLCA.  Second, the Debtor has again ignored the "intent" evidenced by her statement in her Employment Resignation Letter that, "[u]ntil we can reach an agreement on dissolution, I will maintain my 50% equity interest in [W&M] …."  (*See* McAlister's Employment Resignation Letter, March 5 Hearing, Exhibit 2)  And, third, no matter what her "intent" may have been, the MLLCA expressly provides that a member has no power to withdraw from a limited liability company.  *Id.* at §79-29-307(3)

## Conclusion

There is no provision in the MLLCA that requires all members to be actively employed in a limited liability company's business; nor, is there any provision that prevents a member who becomes actively employed in the company's business from resigning such "employment" while remaining a member of the company.  Indeed, many limited liability companies are capitalized by investments made by passive investors who purchase memberships with no intention of ever becoming employed by the company.  As McAlister noted in her Initial Memorandum, at page 10, had she and Wyatt entered into an operating agreement, they could have agreed that each of the members would be required to be employed as an attorney for W&M, and that a member's resignation of such employment would also constitute an event of dissociation terminating such member's ownership interest in W&M.  However, they did not enter into such an agreement.  Therefore, the issue before this Court is governed by the provisions of the MLLCA discussed above.

When McAlister learned that Wyatt intended to sue her, David Nutt, and Nutt & McAlister, PLLC, she decided that she and Wyatt could no longer work together.  Therefore, she informed him by her letter dated January 9, 2009, that she would resign her employment as an attorney with W&M effective January 9, 2009, at 5:00 p.m.  She also invited him to meet with

- 8 -

her attorneys to work out a mutually agreeable voluntary dissolution of W&M and the winding up of its affairs, and she informed him that until they reached an agreement on dissolution she would retain her 50% equity interest in W&M. There has been no event of dissociation. McAlister is now, and has been since the formation of W&M, a 50% equity owner of W&M.

It is clear that Wyatt filed the Voluntary Petition without McAlister's consent, or even her knowledge. Therefore, it is clear that he filed the Petition without having the requisite authority to do so. McAlister's Motion must be granted, and this bankruptcy case must be dismissed.

Dated: April 12, 2010

Respectfully Submitted,

MARY McALISTER

By: /s/ Lawrence E. Allison, Jr.
    One of Her Attorneys

OF COUNSEL:

Christopher A. Shapley (MSB #6733)
Lawrence E. Allison, Jr. (MSB #1534)
Joseph A. Sclafani (MSB #99670)
Brunini, Grantham, Grower & Hewes, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Post Office Drawer 119
Jackson, MS  39205
Telephone: 601-948-3101
Facsimile: 601-960-6902
E-mail: cshapley@brunini.com
E-mail: lallison@brunini.com
E-mail: Jsclafani@brunini.com

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney for Mary McAlister, certify that I have this day caused the above and foregoing pleading or other document to be filed electronically through the Court's ECF system, and that it was served electronically on all parties enlisted to receive service in this case electronically.

I further certify that I have also caused it to be separately served by electronic mail on the following persons:

> Vann F. Leonard
> P. O. Box 16026
> Jackson, MS  39236-6026
> E-mail:  vfllaw@bellsouth.net
>
> Derek Wyatt
> Wyatt Law PLLC
> 102 Northlake Lane
> Madison, MS 39110
> E-mail: dwyatt@wyattlawpllc.com
>
> Eileen N. Shaffer
> 401 E. Capitol Street, Suite 316
> P. O. Box 1177
> Jackson, MS  39215-1177
> E-mail: enslaw@bellsouth.net
>
> Stephen Smith
> 5 Old River Place, Suite 107
> Jackson, MS  39202-3449
> E-mail: trustee1@smithcpafirm.com
>
> Ronald H. McAlpin
> Assistant U.S. Trustee
> A. H. McCoy Federal Building, Suite 706
> 100 W. Capitol Street, Suite 706
> Jackson, MS 39269
> E-mail:  Ronald.McAlpin@usdoj.gov

THIS the   12th   day of April, 2010.

/s/  Lawrence E. Allison, Jr.