**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **IN RE:** | **CHAPTER 7** |
| **WYATT & McALISTER, PLLC** | **CASE NO. 09-04354EE** |

| | |
|---|---|
| Hon. Vann F. Leonard | Attorney for Debtor |
| P. O. Box 16026 | |
| Jackson, MS 39236-6026 | |
| Email: vfllaw@bellsouth.net | |
| | |
| Hon. Derek Wyatt | *Pro Se* |
| 102 Northlake Lane | |
| Madison, MS 39110 | |
| Email: dwyatt@wyattlawpllc.com | |
| | |
| Hon. Lawrence E. Allison | Attorney for Mary McAlister |
| P. O. Drawer 119 | |
| Jackson, MS 39205 | |
| Email: lallison@brunini.com | |

Edward Ellington, Judge

**FINDINGS OF FACT
AND CONCLUSIONS OF LAW ON THE *EMERGENCY
MOTION TO DISMISS CHAPTER 7 VOLUNTARY PETITION***

**THIS MATTER** came before the Court for trial on the *Emergency Motion To Dismiss Chapter 7 Voluntary Petition* filed by Mary McAlister on December 14, 2009, the *Debtor's Response to Emergency Motion to Dismiss Chapter 7 Voluntary Petition Filed by Mary McAlister* filed on December 15, 2009, and the *Objection and Response to Motion to Dismiss* filed by Derek A. Wyatt, *pro se*, on January 27, 2010. After the conclusion of the trial, the Court instructed the parties to submit briefs. After considering the parties' oral arguments and the exhibits at the trial and

the post-trial briefs, the Court finds that the *Emergency Motion To Dismiss Chapter 7 Voluntary Petition* (Motion) filed by Mary McAlister should be granted in part and the above styled case dismissed.

## FINDINGS OF FACT

Prior to the formation of Wyatt & McAlister, PLLC (W&M), Derek Wyatt (Wyatt) and Mary McAlister (McAlister) both practiced law with the law firm of Nutt & McAlister, PLLC. McAlister was one of Nutt & McAlister, PLLC's two members. David Nutt (Nutt) was the other member of Nutt & McAlister, PLLC. Wyatt's status with Nutt & McAlister, PLLC and other issues related to his association with Nutt & McAlister, PLLC are the subject of litigation pending in the Chancery Court of Madison County, Mississippi, and the Circuit Court of Lafayette County, Mississippi, and are not material to the motion to dismiss currently before this Court.

During the latter part of 2008, Nutt decided that he wished to cease practicing law, and thereafter, David Nutt and Mary McAlister began the process of concluding the business of Nutt & McAlister, PLLC. Subsequently, McAlister and Wyatt decided to practice law together, and they formed W&M.

On September 22, 2008, a *Mississippi LLC Certificate of Formation* was filed with the Mississippi Secretary of State's office (Trial Exhibit P-1) in which Wyatt and McAlister formed Wyatt & McAlister, PLLC pursuant to the *Mississippi Limited Liability Company Act* (MLLCA) found at Miss. Code §§ 79-29-101, *et. seq.* (Rev. 2009).[1] Wyatt and McAlister were the

---

[1] W&M was formed as a Professional Limited Liability Company (PLLC) under Article Nine of the MLLCA. See Miss Code §§ 79-29-901, *et. seq.* (Rev. 2009). Only those individuals who are required by law to be licensed to provide professional services may operate as a PLLC. The main difference between a LLC and a PLLC is the issue of the liability of the members. Under a LLC, a member's liability is limited to their investment in the company. Under a PLLC, there is a

only members of W&M, and Wyatt and McAlister each owned a 50% interest in W&M. W&M did not adopt a limited liability company agreement "to regulate or establish the affairs of the limited liability company, the conduct of its business and the relations of its members"[2] as provided in Miss. Code § 79-29-306 (Rev. 2009).[3]  At some point shortly after the formation of W&M, Wyatt and McAlister began to practice law together as a Professional Limited Liability Company.

Various disputes arose between Derek Wyatt and Mary McAlister culminating in McAlister delivering to Wyatt a letter dated January 8, 2009, in which she tendered her resignation (Trial Exhibit P-2)(Resignation Letter).  Wyatt contends the Resignation Letter was McAlister's resignation as a member of W&M, whereas McAlister contends that the Resignation Letter was her resignation as an employee of W&M and not as a member of W&M.

On January 16, 2009, Wyatt filed an application for judicial dissolution of W&M in the Chancery Court of Madison County, Mississippi (Dissolution Proceeding).  Subsequently, the chancellor appointed a Special Master, Robert W. Sneed, Esquire, to hear the Dissolution Proceeding. On November 11, 2009, the Special Master conducted an evidentiary hearing in order to resolve all of the issues related to the dissolution of W&M including a determination of "whether the disputed assets are, in fact, owned by W&M, as Wyatt claims, or whether they are owned by Nutt

---

difference: a member is liable for his or her own conduct but not the conduct of the other members–the negligence or wrong acts of one member do not subject the remaining members to personal liability simply as a result of their being a member of the PLLC.  PLLCs are subject to the same provisions governing LLCs to the extent the provisions do not conflict with the specific provisions relating to PLLCs under Article Nine.

[2]Miss. Code § 79-29-306(1) (Rev. 2009).

[3]While the official language in the MLLCA is *limited liability company agreement*, the more commonly used term is an operating agreement.  Both terms will be used interchangeably in this opinion.

3

& McAlister, PLLC and/or other entities in which David Nutt owns interests, as McAlister and David Nutt contend."[4] Subsequent to the November 11, 2009, hearing, several other matters were scheduled for hearing in the Chancery Court of Madison County.

On December 10, 2009, a voluntary petition under Chapter 7 of the Bankruptcy Code was filed on Official Form 1. The name of the Debtor is styled: Wyatt & McAlister PLLC. On page 3 of Official Form 1, the following information is listed:

> **Signature of Debtor (Corporation/Partnership)**
>
> I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
>
> The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
>
>     X /s/ Derek A. Wyatt
>      Signature of Authorized Individual
>
>       Derek A. Wyatt
>      Printed Name of Authorized Individual
>
>       Member
>     Title of Authorized Individual
>
>      December 10, 2009
>     Date[5]

On December 14, 2010, Mary McAlister filed her *Emergency Motion To Dismiss Chapter 7 Voluntary Petition* in which she alleges that the petition should be dismissed as she and Derek Wyatt each own a 50% interest in W&M; that there had been no vote of the members of W&M to

---

[4]*Memorandum of Mary McAlister in Support of Motion to Dismiss*, p. 4 (March 30, 2010).

[5]*Voluntary Petition*, p. 3; Docket Entry #1; Case No. 09-04354EE.

file the bankruptcy petition; that Derek Wyatt's 50% interest did not give him a majority vote; and therefore, he did not have the authority to file a petition on behalf of W&M. McAlister asks the Court to dismiss the petition and to award her attorney fees and monetary sanctions against Wyatt and the attorney for the Debtor for filing the petition.

In the *Debtor's Response to Emergency Motion to Dismiss Chapter 7 Voluntary Petition Filed by Mary McAlister*, the Debtor contends that McAlister's Resignation Letter was a resignation from her membership in W&M. Therefore, the Debtor contends that Wyatt was the only member of W&M and that he was authorized to file the bankruptcy petition for W&M.

On January 27, 2010, Wyatt filed a separate *Objection and Response to Motion to Dismiss* "individually, as an interested party and member in good standing on behalf of Wyatt & McAlister, PLLC, . . . ."[6] Basically, Wyatt gives the same reasoning as found in the Debtor's response as the basis for his authority to file the petition for W&M.

On March 5, 2010, the Court held a trial on the Motion and the two responses. The Court informed the parties that the Court was bifurcating the issues contained in the Motion: the Court would proceed on the motion to dismiss and would decide the issue of attorney fees and sanctions at a later date. At the conclusion of the trial, the Court took the issue of dismissal of the case under advisement and instructed the parties to submit briefs supporting their respective positions.

## CONCLUSIONS OF LAW

### I.

This Court has jurisdiction of the subject matter and of the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C.

---

[6]*Objection and Response to Motion to Dismiss,* p. 1 (January 27, 2010).

§ 157(b)(2)(A).

## II.

### A.

Limited liability companies and professional limited liability companies are relatively new entities. Neither entity is specifically defined in the Bankruptcy Code[7]. Although a few courts have analogized that members of a limited liability company or a professional limited liability company are partners, it is generally held that a limited liability company or a professional limited liability company falls within the Bankruptcy Code's definition of a corporation found at 11 U.S.C. § 101(9)(A)(ii).[8] 2 Collier on Bankruptcy ¶ 101.09 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)

Pursuant to 11 U.S.C. § 103(a), chapter 3 of the Bankruptcy Code is applicable to a case filed under Chapter 7 of the Bankruptcy Code. The procedures for the commencement of a voluntary Chapter 7 petition are found in 11 U.S.C. § 301. Section 301 provides:

> **§ 301.  Voluntary cases**
>
> (a) A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter.
>
> (b) The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.

11 U.S.C. § 301.

---

[7] 11 U.S.C. § 101

[8] The definition of a LLC under Miss. Code § 79-29-103(j) states that it is "an unincorporated association." Since the Bankruptcy Code definition of a corporation under § 101(9)(A)(ii) includes a "partnership association," Mississippi's version of a LLC or PLLC would be encompassed by the Bankruptcy Code definition of a corporation.

6

"Similar to partnerships and corporations, the requirements for filing a limited liability company ("LLC") bankruptcy will be contained in state law and the governing LLC agreement." 2 Collier on Bankruptcy ¶ 301.04[2][c] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)  *See Price v. Gurney,* 324 U.S. 100, 104, 65 S. Ct. 513, 515, 89 L. Ed. 776, 780 (1945); *Berger v. Newhouse (In re Pirhana, Inc.),* 83 Fed. Appx. 19, 22 (5th Cir. 2003).  "To determine whether a voluntary bankruptcy petition filed on behalf of a business entity was filed with the proper authority, the Court looks to the law of the entity's state of organization."  *In re Delta Starr Broadcasting, L.L.C.,* 2006 WL 285974, *2 (E.D. La 2006)(citations omitted).  Therefore, the Court will now examine the *Mississippi Limited Liability Company Act* to determine whether Wyatt had the authority to file a bankruptcy petition for W&M.

### B.

A thorough history of the development of the *Mississippi Limited Liability Company Act* is found in *Comment: The Mississippi Limited Liability Company: A New Choice for Mississippi.*[9]  As a way of background to the matter before the Court, selected passages of the comment are below:

> On March 15, 1994, Governor Kirk Fordice signed into law the Mississippi Limited Liability Company Act (MLLCA), thereby joining more than thirty-nine states which have adopted this novel business form that provides businesses with the opportunity to combine the limited liability of a corporation with the pass-through taxation and operating flexibility of a partnership. The MLLCA offers many important advantages to Mississippi business associations which, before its enactment, were limited to operating under the corporate, partnership or limited partnership forms.
>
> . . . .
>
> A.  History of LLCs.  The first LLC statute adopted in the United States was enacted by the Wyoming legislature in 1977, closely followed by Florida in 1982.  These

---

[9] James A. McCullough, II & L. Bradley Dillard, *Comment, The Mississippi Limited Liability Company: A New Choice for Mississippi*, 64 Miss. L.J. 117 (Fall 1994).

statutes created a new business entity which, like a corporation, limited the liability of each of its members, while structuring the entity according to the Internal Revenue Service's regulations for partnership taxation. . . . (As a result of a favorable IRS Ruling), coupled with mounting insistence from accounting professionals seeking limited liability from their colleagues' negligence, LLC enactment sprang to life, rising from only five states with LLC acts in place in 1990 to more than thirty-nine in 1994.

. . . .

B. Formation. The creation of an LLC under the MLLCA is totally dependent upon the execution of one document: the certificate of formation. Much like a Mississippi limited partnership or corporation, LLC's formed under the MLLCA are created when a "certificate of formation" is filed with the Secretary of State's office.

. . . .

D. Management of a Mississippi LLC. The MLLCA, by default, vests management in the hands of the LLC members. This provision of the Act seeks to avoid the corporate characteristic of centralized management by dispersing control among the members in a manner similar to that of a general partnership. In such a member controlled LLC, the Act by default institutes a per capita voting approach where each member exercises one vote on issues to be voted upon by the members. . . . [A] per capita system eliminates the need to determine each members capital percentage before every vote.

James A. McCullough, II & L. Bradley Dillard, *Comment, The Mississippi Limited Liability Company: A New Choice for Mississippi*, 64 Miss. L.J. 117, 117-121, 133, 142-143 (Fall 1994)(footnotes omitted).

In the case at bar, none of the parties have alleged that W&M was not properly created as a PLLC pursuant to the MLLCA. Rather the disagreement between the parties is whether McAlister withdrew as a member of W&M, thereby leaving Wyatt as the only member of the PLLC.

## C.

Pursuant to § 79-29-302[10] of the MLLCA, the management of a PLLC is vested in its members unless the *Certificate of Formation* (COF) provides that the management of the PLLC shall

---

[10]As provided in Miss. Code § 79-29-901 (Rev. 2009), § 79-29-302 is applicable to PLLCs.

be by a manager or managers. Further, the COF or the operating agreement "may impose limitations on the powers and authorities of the manager or managers of the limited liability company." Miss. Code § 79-29-302 (Rev. 2009). In question six (6) of the COF of W&M, it states that the management of the PLLC is not vested in a manager or managers. Further, since W&M did not have an operating agreement, the management of W&M is vested in the two members, Wyatt and McAlister, as provided by § 79-29-302.

Likewise, since neither the COF of W&M nor an operating agreement state to the contrary, Wyatt and McAlister each have one (1) vote.[11] "[A]ny action required or permitted to be taken by the members of a limited liability company may be taken upon a majority vote of all of the members." Miss. Code § 79-29-304(2) (Rev. 2009). Consequently, if McAlister was still a member of W&M at the time the petition was filed, in order for the filing of a bankruptcy petition for W&M to have been authorized, both Wyatt and McAlister must have voted in favor of the filing of the petition.

The MLLCA provides for specific avenues for the dissolution of or dissociation from a PLLC. A brief overview of dissolution and dissociation follows:

> G. Dissolution and Dissociation. Unlike many acts, the MLLCA does not require LLCs to specify a date of dissolution; rather, dissolution occurs by default upon any one of three dates. Organizers of an LLC may elect to dissolve and wind its affairs up upon any time or event specified in the certificate of formation. Additionally, LLCs may dissolve upon unanimous written consent of the members or upon dissociation of a member. Under the Act, LLCs may also be judicially dissolved upon petition of a member whenever it is not reasonably practicable to carry on business, or whenever members or managers are guilty of continuing fraud or unfairness toward other members or of misapplication of LLC assets of funds.
>
>         . . . .
>
> Under the MLLCA, a member may be automatically dissociated upon that member's

---

[11] Miss. Code § 79-29-304(1) (Rev. 2009).

9

voluntary withdrawal, assignment of an LLC interest, removal, bankruptcy, death or incompetency, or dissolution or termination if that member is a business entity.

James A. McCullough, II & L. Bradley Dillard, *Comment, The Mississippi Limited Liability Company: A New Choice for Mississippi*, 64 Miss. L.J. 117, 154-156 (Fall 1994)(footnotes omitted).

In the case at bar, there is no evidence to show that W&M was dissolved by the occurrence of any of the three (3) default provisions contained in MLLCA. Nor is there evidence of the occurrence of any of events which would have resulted in McAlister being automatically dissociated from W&M. Rather, Wyatt contends that McAlister became disassociated by her voluntarily withdrawing from W&M via her Resignation Letter.

Wyatt contends that McAlister's Resignation Letter was her resignation as a member of W&M. The relevant portions of the Resignation Letter state:

> Dear Derek,
>
> Based on your reaction to the email I sent to you yesterday morning, and on our subsequent conversation, it has become apparent that we can no longer work together, and that it is in each of our best interests to dissolve Wyatt & McAlister, PLLC as promptly as possible. Accordingly, I resign my **employment as an attorney** with Wyatt & McAlister, PLLC, effective Friday, January 9, 2009, at 5:00 p.m. . . . .Until we can reach an agreement on dissolution, **I will maintain my 50% equity interest** in Wyatt and McAlister, PLLC, . . . .

(Trial Exhibit P-2)(emphasis added).

Mississippi Code § 79-29-307 controls the withdrawal of a member from a PLLC, and it states in pertinent part:

> **§ 79-29-307. Events of dissociation.**
>
> **[For all domestic limited liability companies formed on or after July 1, 1998, . . . . this section shall read as follows:]**
>
> (3) Unless the certificate of formation or limited liability company agreement provides that a member has the power to do so, a member has **no power to withdraw** from a limited liability company.

Miss. Code § 79-29-307(3) (Rev. 2009)[12] (emphasis added).

W&M's *Certificate of Formation* does not contain a provision allowing a member to withdraw from the PLLC.  Nor does W&M have an operating agreement which could provide the procedure for the withdrawal of a member.  Since neither the COF nor an operating agreement authorized the voluntary withdrawal of a member, the Court finds that Wyatt's contention that McAlister's Resignation Letter was her withdrawal from membership in W&M is not well taken.  Moreover, the Court finds that the clear intent of the Resignation Letter was that McAlister was resigning as an attorney employed by W&M, but she was maintaining her status as a member of W&M.

Even if the Court assumes for the sake of argument that by her Resignation Letter McAlister was attempting to withdraw as a member from W&M, the Court finds Miss. Code § 79-29-307(3) (Rev. 2009) would have prevented McAlister from voluntarily withdrawing.  In addition, the Court will note that Article Nine of the MLLCA contains procedures that must be followed in order for a PLLC to be dissolved or for the acquisition of a member's interest in the PLLC.  For example, upon the death or disqualification of a member, Miss. Code § 79-29-912 (Rev. 2009) sets out the procedure for the purchase of a member's interest, and Miss. Code § 79-29-913 (Rev. 2009) provides for the judicial appraisal of a membership interest.  Therefore pursuant to Article Nine, even if McAlister had the right to withdraw via her Resignation Letter, Wyatt would not have automatically assumed McAlister's interest in the PLLC.

Consequently, in order to file a Chapter 7 bankruptcy petition for W&M, a majority vote of the two members of W&M was required.  Since Wyatt did not obtain the vote of Mcalister, Wyatt

---

[12]Section 79-29-307 has a first and a second tier, which are numbered identically.  The first tier applies to LLCs and PLLCs formed on or before June 30, 1998.  The second tier applies to LLCs and PLLCs formed on or after July 1, 1998.  Since W&M was formed in 2009, the second tier applies.

clearly did not have the authority to place W&M in a Chapter 7 bankruptcy.

## CONCLUSION

"To determine whether a voluntary bankruptcy petition filed on behalf of a business entity was filed with the proper authority, the Court looks to the law of the entity's state of organization." *In re Delta Starr Broadcasting, L.L.C.,* 2006 WL 285974, *2 (E.D. La 2006)(citations omitted). Upon examination of the Mississippi Limited Liability Company Act, for any PLLC formed after July 1, 1998, a member may only withdraw from a PLLC if the certificate of formation or operating agreement so provides. In the case of Wyatt and McAlister, PLLC, neither the *Certificate of Formation* nor an operating agreement provide for the voluntary withdrawal of a member. Therefore, at the time the petition was filed, McAlister was a member of W&M. Since McAlister did not vote in favor of W&M filing bankruptcy, Derek A. Wyatt did not have the authority to file the petition on behalf of Wyatt and McAlister. Accordingly, the *Emergency Motion To Dismiss Chapter 7 Voluntary Petition* should be granted in part and the above styled case dismissed.

The request for attorney fees and sanctions contained in the *Emergency Motion to Dismiss Chapter 7 Voluntary Petition* will be decided by the Court at a later date.

A separate judgment consistent with this opinion will be entered in accordance with Rules 7054 and 9014 of the Federal Rules of Bankruptcy Procedure.

_____
Edward Ellington
United States Bankruptcy Judge
Dated: April 23, 2010

12