**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE: WYATT & McALISTER, P.L.L.C.,         Bankruptcy Case No.: 09-04354-EE
Chapter 7 Debtor

**JOINT MOTION FOR NEW TRIAL, TO ALTER OR AMEND
JUDGMENT, AND/OR FOR RELIEF FROM FINAL JUDGMENT [DKT. 89]**

COMES NOW Derek A. Wyatt, an interested party filer and member-manager of Wyatt & McAlister, P.L.L.C. ("W&M" or "W&M PLLC"), and the Debtor W&M, and pursuant to Fed. R. Bankr. P. 9023 and 9024, jointly files this motion ("Joint Movants' Post-Judgment Motion") for new trial, to alter or amend judgment, and/or for relief from the *Final Judgment* [Dkt. 89] and *Findings of Fact and Conclusions of Law*, [Dkt. 88] entered in this cause on or about April 23, 2010, and respectfully aver:

**1.**    This post-judgment motion is timely filed pursuant to Fed. R. Civ. P. 59 and 60, as applied in bankruptcy cases pursuant to Fed. R. Bankr. P. 9023 and 9024.[1]

**INTRODUCTION AND BACKGROUND**

**2.**    W&M was formed as a Mississippi limited liability company (a "LLC") on September 22, 2008, by Derek A. Wyatt ("Wyatt") and Mary Krichbaum McAlister ("McAlister"). (Exhibit P-1).

**3.**    The day W&M was formed, McAlister sent a memo to the Brunini law firm outlining the terms of an agreed buy out and name change of the Nutt & McAlister firm, negotiated for the purpose of capitalizing W&M.[2] (Exhibit 3).

---

[1] Rule 9023 requires filing "within 14 days" after entry of judgment. Rule 9024, as applied in the case *sub judice*, requires filing "within a reasonable time" after entry of judgment.

[2] Nutt & McAlister, P.L.L.C. ("Nutt &McAlister") was slated to dissolve. McAlister, at the time a member of W&M and Nutt & McAlister, negotiated the buy out/name change agreement with David Nutt ("Nutt"), majority owner of Nutt & McAlister. (Composite Exhibit 15). The Brunini law firm was Nutt's legal counsel.

1

**4.** W&M did not adopt its own governing rules by executing a limited liability company agreement ("operating agreement"), and was therefore at all times governed by the statutory rules as written and codified in the *Mississippi Limited Liability Company Act* ("Ms LLC Act" or simply the "Act"), Miss. Code §§ 79-29-101 *et. seq.* (Rev. 2009).

**5.** As 50% owners, each of W&M's two member-managers Wyatt and McAlister had legal responsibility for the day-to-day management of W&M, and an undivided duty of loyalty and fiduciary care to act in its "best interest."[3]

**6.** The business and accounting records of W&M reflect that McAlister funded the firm with $25,000.00 monthly capital contributions from inception and until January 9, 2009. (Exhibits 6, 22 and 23).

**7.** On Friday, January 9, 2009, McAlister abruptly discontinued funding for W&M, repudiated the buy out/name change agreement under which W&M was formed and capitalized,[4] and ceased her affiliation with W&M.[5] (Exhibits 16, 17 and 26; Exhibit P-2).

**8.** The following Tuesday W&M's employees resigned, leaving Wyatt to singlehandedly manage the affairs of the firm.

**9.** Shortly thereafter, W&M became insolvent and was sued by creditors asserting claims in excess of $123,861.00, exclusive of costs and attorneys fees.[6]

---

[3] Miss. Code § 79-29-302 (Rev. 2009); Miss. Code § 79-29-402 (Rev. 2009); *Kumar vs. Kumar, individually and as manager of Mit-Sar, L.L.C.*, 2009 U.S. Dist. LEXIS 26708, N.D. Miss. (March 31, 2009) [citing *ERA Franchise Sys. v. Mathis*, 931 So.2d 1278, 1281 (Miss. 2006) and *Derouen v. Murray*, 604 So. 2d 1086, 1090-91 (Miss. 1992)].

[4] fn. 2, *supra*.

[5] McAlister wrote a letter advising that she "resigned" from W&M, yet at the same time claiming to retain membership indefinitely. (Exhibit P-2). W&M had no operating agreement authorizing a member to "resign." The statutory rules governing W&M contain no provision authorizing a member to "resign," and expressly prohibit "withdrawal" absent an operating agreement authorization. Miss. Code §§ 79-29-101 *et. seq.* (Rev. 2009); Miss Code § 79-29-307(3)(tier two)(Rev. 1990).

**10.** Approximately eleven-months later, on December 10, 2009, W&M filed a voluntary petition for Chapter 7 bankruptcy. [Dkt. 1].[7]

**11.** During the eleven-month period preceding the bankruptcy filing, McAlister did not work for, contribute to or participate in the funding, day-to-day management or operations of W&M.[8]

**12.** On December 14, 2009, McAlister filed a motion to dismiss and for sanctions, alleging pursuant to the wording of her "resignation" letter, that she was still a member of W&M and had lawful authority to nullify the bankruptcy filing.[9] [Dkt. 6].

**13.** On December 15, 2009, W&M responded to the motion to dismiss, denying that McAlister had authority or control over whether W&M could file bankruptcy. [Dkt. 8].

**14.** On January 27, 2010, Wyatt responded as an interested party filer and objected to the motion to dismiss, denying that McAlister had authority or control over whether W&M could file for bankruptcy, and attaching an affidavit confirming *inter alia* the buy out/name change agreement under which W&M was formed and capitalized. [Dkt. 43].

---

[6] *Memorandum of Law by Interested Party Filer Derek A. Wyatt in Opposition to Mary McAlister's Motion to Dismiss* [Dkt. 75]; and *Rebuttal Memorandum of Law by Interested Party Filer Derek A. Wyatt in Opposition to Mary McAlister's Motion to Dismiss* [Dkt. 87].

[7] Before resorting to bankruptcy, Wyatt filed a petition to judicially dissolve W&M in chancery court, requesting appointment of a receiver or trustee pursuant to the applicable statute. After approximately a year, no ruling had been made regarding a receiver or trustee, nor had an order of dissolution been granted. when W&M filed for Chapter 7 bankruptcy on December 10, 2009. *Id*.

[8] *Id*.

[9] The motive for challenging the bankruptcy petition is apparently unrelated to W&M's financial condition. In a related chancery matter, McAlister admitted W&M's insolvency and that dissolution and winding up were "urgent and necessitous" matters. *In re Wyatt & McAlister, PLLC,* Cause No. 09-cv-00090, Madison County Chancery Court, "Mary E. McAlister's Response to First Amended Application for Judicial Dissolution." [Chan. Dkt. 6].

3

**15.** On February 17, 2010, the Court informed counsel for McAlister, the Debtor and interested party Wyatt *pro se*, that a "trial" would be held on the motion to dismiss on March 5, 2010. [Dkt. 54].

**16.** As instructed, on March 5, 2010, McAlister, the Debtor and Wyatt *pro se* appeared for trial. After going on the record, the Court recessed and held an in-chambers conference with all counsel except Wyatt *pro se*. The Court re-convened on record and advised the parties to file briefs and rebuttal briefs in support of and opposition to the motion to dismiss. Exhibits were offered by McAlister, the Debtor and Wyatt, and marked, but no evidentiary hearing was conducted on the merits of the motion to dismiss or for authentication of exhibits.

**17.** Thereafter, as instructed by the Court, McAlister, the Debtor and interested party filer Wyatt submitted responses, briefs and rebuttal briefs.

**18.** Without further hearing, on April 23, 2010, the Court entered an order captioned *Final Judgment Granting in Part the Motion to Dismiss Chapter 7 Voluntary Petition* [Dkt. 89]. Concurrently, the Court entered *Findings of Fact and Conclusions of Law on the Emergency Motion to Dismiss Chapter 7 Voluntary Petition*. [Dkt. 88].

**19.** In the *Conclusions of Law*, the Honorable Bankruptcy Judge ruled that the Bankruptcy Court had jurisdiction of the subject matter "and of the parties" pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157; that the motion to dismiss was a "core proceeding" as defined in 28 U.S.C. § 157(b)(2)(A) ("matters concerning the administration of the estate"); and that a LLC, though an unincorporated entity, fell within the definition of a corporation under the Bankruptcy Code. *Findings of Fact and Conclusions of Law on the Emergency Motion to Dismiss Chapter 7 Voluntary Petition*, p. 5-6. [Dkt. 88].

**20**. The Court concluded that the motion to dismiss, raising an internal issue of voting rights, was a matter of state law to be decided by examining the *Mississippi Limited Liability*

*Company Act*.[10] [Citing *In re Delta Starr Broadcasting, L.L.C.*, 2006 WL 285974, *2 (E.D. La. 2006)(citations omitted)]. *Findings of Fact and Conclusions of Law on the Emergency Motion to Dismiss Chapter 7 Voluntary Petition*, p. 7.  [Dkt. 88].

### GROUNDS FOR RELIEF

**21.**    This joint motion is supported by movants' Memorandum of Authorities in Support of Joint Motion for New Trial, to Alter or Amend Judgment, and/or for Relief from Final Judgment, concurrently filed, and incorporated by reference in this motion.

**22.**    The Honorable Bankruptcy Judge is respectfully urged to set aside, stay, alter, amend or vacate the *Findings of Fact and Conclusions of Law* [Dkt. 88] and *Final Judgment Granting in Part the Motion to Dismiss Chapter 7 Voluntary Petition* [Dkt. 89]. Alternatively, movants' urge the Court to order a new trial, for the following reasons, *inter alia*:

**i)**    while the Court properly found the internal issue of voting rights was a matter of state and not federal law, the Court erred in failing to find that McAlister owed a duty of undivided loyalty and fiduciary care to W&M and Wyatt, and in failing to hold that McAlister breached these duties as a matter of law by confidentially carrying out a plan to render W&M insolvent; in this respect the Court's decision (inadvertently) holds that a person may permissibly be a member of two LLC's having opposing and adverse claims to the same property, rights and assets, yet repudiate one entity's interests ("W&M's") in order to reap profit from the other's ("Nutt & McAlister's");

**ii)**    by failing to find that McAlister's revocation of funding; withdrawal-by-resignation; breach and repudiation of the Nutt & McAlister buy out agreement; illicit waiver of an estimated $24,000.00 debt Nutt owed to W&M; accounting fraud; and conversion and misappropriation of W&M

---

[10] The Bankruptcy Code contains no provision regarding authorization for a LLC to file bankruptcy. *See generally*, 11 U.S.C. §§ 101 *et. seq*.

5

assets; breached the duty of undivided loyalty and fiduciary care, and each constitute wrongful acts, which because they were aimed at dissolving W&M, statutorily bar McAlister from controlling any part of the winding up of W&M's affairs whether she is deemed a member or not, Miss. Code § 79-29-803 (Rev. 2009); *see also, Kumar vs. Kumar, individually and as manager of Mit-Sar, L.L.C.*, 2009 U.S. Dist. LEXIS 26708, N.D. Miss. (March 31, 2009) (citing Miss. Code Ann. § 79-29-402);

**iii)** though "wrongful dissolution" is not defined in the Act, by analogy the fault-based grounds for judicial dissolution include: persistent and pervasive fraud; abuse of authority; persistent unfairness toward any member; or misapplication or waste of property; therefore, a member or member-manager is presumptively engaged in acts of "wrongful dissolution" when he or she is "guilty of" or has "knowingly countenanced" any of the above; Miss. Code § 79-29-802(b) (Rev. 2009);

**iv)** the Court erred by finding that McAlister's "resignation" letter conferred the right to nullify W&M's election to file bankruptcy; there is no provision in the Act or legal precedent holding that a person may "resign" from a LLC, or more importantly, "resign" and still retain membership and voting rights for an indefinite period merely by labeling the departure a "resignation" as opposed to "withdrawal;" from the moment McAlister revoked W&M's funding; withdrew-by-resignation; and repudiated the Nutt & McAlister buy out agreement; her interests were inimical and adverse to W&M;

**v)** in construing the words "resign" and "withdraw," the Court failed to apply established rules of statutory construction which hold that courts must give words their ordinary or natural meaning; under the ordinary meaning rule, "withdraw" and "withdrawal" are synonyms of "resign" and "resignation," Burton's Legal Thesaurus lists (3rd ed., 1998); in the

context of uniform LLC Acts, terms "resign," "withdraw," and "retire" often appear as interchangeable synonyms; Fla. Stat. § 608.42; Ann. Laws of Mass., GL 156C, § 36; Minn. Stat. § 322B.306; Cal. Corp. Code, § 17252; Nev. Rev. Stat. Ann. § 86.331; ORC Ann. 1705.15 (Ohio); the Court erred in failing to find that McAlister's "resignation" from W&M was a sham intended to circumvent the statutory prohibition forbidding withdrawal in the absence of authorization under an operating agreement; Miss. Code § 79-29-307(3) (Rev. 2009);

**vi)** the Court erred in holding that even if McAlister "was attempting to withdraw" from W&M, the non-withdrawal provision of § 79-29-307(3)(Rev. 2009) would have prevented her from doing so; following the the Court's interpretation to its logical end, having no operating agreement, a LLC member in W&M could *never* voluntarily, unlawfully withdraw because he "has no power to withdraw;" even if the member flagrantly abandoned W&M in direct defiance of Section 79-29-307(3) (Rev. 2009), under the Court's interpretation, no "dissociation" would result because the withdrawal "never occurred;" the offending member would suffer no adverse consequence from the illicit withdrawal as his membership and voting rights would remain in tact as if nothing ever happened; the Court's interpretation assigns a meaning to the words "has no power" that may go beyond what the legislature intended; if the same words are interpreted to mean a member *has no authority* to withdraw (absent authorization under an operating agreement), the salutary purpose of the statute, i.e., preventing unauthorized withdrawal is preserved; the interpretation adopted by the Court inadvertently emasculates the statute by removing all means to penalize a violation, the prohibitive effect of the statute is neutered; in this connection it is suggested the Court erred by not applying a statutory rule of interpretation consistent with preserving the legislative intent and purpose; Mississippi courts condemn the interpretation of a statute in a manner that results in emasculating its

7

purpose; *Mississippi Employment Sec. Com. v. Sanderson Plumbing Products, Inc.*, 604 So. 2d 215, 217 (Miss. 1992);

**vii)** the Court's holding contradicts a provision of the Ms LLC Act stating that unless restricted by the operating agreement or certificate of formation, a manager may take "any action required or permitted;" Miss Code § 79-29-401(7)(Rev. 1990); at the time the petition for bankruptcy was filed, as the only remaining member-manager of W&M, Wyatt had authority to file the petition as a "required or permitted" act regardless of whether McAlister is deemed to have "dissociated-in-fact" *vel non*;

**viii)** in finding that the Ms LLC Act permitted McAlister, a member-manager to "resign" her employment with W&M and still maintain membership and voting rights, the Court erred by failing to follow the rule in Mississippi that courts cannot arbitrarily subtract or add to the language of a legislative act or statute, nor is it acceptable to create an exception in the statute where none exists, inasmuch as judicial tribunals cannot supplant the role of the legislature; *Bell v. GMC*, 992 F. Supp. 859, 863-864 (S.D. Miss. 1997); *Shewbrooks v. A.C. & S., Inc.*, 529 So. 2d 557 (Miss. 1988);

Respectfully submitted,

Derek A. Wyatt, an interested party filer and member-manager of WYATT & McALISTER, PLLC, appearing *pro se*,

By: s/ Derek A. Wyatt, *pro se*
Derek A. Wyatt, MSB No. 7413

Wyatt & McAlister, PLLC,
Chapter 7 Debtor


By: s/ Vann F. Leonard, Esq.
Vann F. Leonard, MSB No. 9611

8

**Physical Address:**
Derek A. Wyatt , Esq.
MSB No. 7413
102 Northlake Lane
Madison, MS 39110
tel 601 954-1140

**Mailing Address:**
Derek A. Wyatt , Esq.
MSB No. 7413
102 Northlake Lane
Madison, MS 39110
email: dwyatt@wyattlawpllc.com
tel 601 954-1140

**Mailing Address:**
Vann F. Leonard, Esq.
P.O. Box 16026
Jackson, MS 39236-6026
email: vflaw@bellsouth.net

### CERTIFICATE OF SERVICE

The undersigned counsel of record, Derek A. Wyatt *pro se*, for interested party filer Derek A. Wyatt, and Vann F. Leonard, for Wyatt & McAlister, PLLC, Chapter 7 Debtor, have this day caused the above and foregoing pleading or other document to be served by electronic mail on the following:

For Mary McAlister:    Lawrence Allison
  Joseph Sclfani
  Brunini Law Firm
  P.O. Drawer 119
  Jackson, MS 39205-0119

Trustee:    Stephen Smith
  5 Old River Place
  Suite 107
  Jackson, MS 39202-3449

| | |
|---|---|
| Trustee's attorney: | Eileen N. Shaffer<br>P.O. Box 1177<br>Jackson, MS 39215-1177 |
| U.S. Trustee: | R. Michael Bolen<br>100 W. Capitol St.<br>Suite 706<br>Jackson, MS 39269 |

This the 7th day of May, 2010.

By:     s/ Derek A. Wyatt, *pro se*
               Derek A. Wyatt, MSB No. 7413

By:     s/ Vann F. Leonard, Esq.
               Vann F. Leonard, MSB No.9611