**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE: WYATT & McALISTER, P.L.L.C.,   Bankruptcy Case No.: 09-04354-EE
Chapter 7 Debtor

**MEMORANUM OF AUTHORITIES IN SUPPORT
OF JOINT MOTION FOR NEW TRIAL, TO ALTER OR AMEND
JUDGMENT, AND/OR FOR RELIEF FROM FINAL JUDGMENT [DKT. 89]**

Derek A. Wyatt, an interested party filer and member-manager of Wyatt & McAlister, P.L.L.C. ("W&M" or "W&M PLLC"), and the Debtor W&M, jointly files this memorandum ("Memorandum") in support of joint motion for new trial, to alter or amend judgment, and/or for relief from the *Final Judgment* [Dkt. 89] and *Findings of Fact and Conclusions of Law*, [Dkt. 88] entered in this cause on or about April 23, 2010.

**INTRODUCTION AND BACKGROUND**

Because the concurrently filed joint motion is largely supported by authorities cited in the motion itself, this memorandum will only briefly address several new points of law either not included in the joint motion or which movants wish to reiterate as grounds supporting the joint motion.

First, this case arises in an unorthodox context. When the petition was filed, McAlister had essentially abdicated her involvement in W&M's pre-dissolution affairs for eleven-months, and it was never anticipated that the orderly dissolution and administration of W&M's assets and debts would be derailed by collateral attach on the bankruptcy filing.  In a parallel chancery proceeding, McAlister admitted in as long ago as February 2009 that W&M was insolvent, and argued that the dissolution and wind up of W&M was an "urgent and necessitous" matter.  The motive for keeping this case out of the bankruptcy court cannot be said to relate to disputes over insolvency.

There is no bankruptcy issue presently under consideration by the Court. The filing of the motion to dismiss has forced the Bankruptcy Court into the untenable position of substituting its judgment for that of State Supreme Court, thus compelling the Court to render decisions on first impression issues, arising purely under state law and where little or no precedent exists.

To complicate matters, because the demise of W&M occurred under circumstances where McAlister was claiming membership in two LLC's, directly adverse to one another, and each asserting claims to the same property, rights and assets, the issues relating to undivided loyalty, fiduciary duty and compliance with the Ms LLC Act are magnified.

In this connection, not being a bankruptcy attorney, it occurred to the undersigned that an expedient means of resolving the state law issues would be to certify a question to the Mississippi Supreme Court, similar to the procedure used from the 5th Circuit Court of Appeals. However, apparently there is means of certifying from the U.S. District Court, or the Bankruptcy Court to the Mississippi Supreme Court.

A review of relevant case law defining the limits of bankruptcy jurisdiction, in purely state law matters led to *In re Brady Municipal Gas Corp.*, 936 F.2d 212 (5th Cir. Tex. 1991) and a 1947 United States Supreme Court case which is surprisingly instructive. *Callaway v. Benton*, 336 U.S. 132 (1947). In 1991, the Fifth Circuit stated in *In re Brady*:

> Although the district courts have original and exclusive jurisdiction of all cases under Title 11 of the Bankruptcy Code (Code), the district courts do not have exclusive jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11. Thus, under 28 U.S.C.S. § 1471, the only aspect of the bankruptcy proceeding over which the district courts and their bankruptcy units have exclusive jurisdiction is the

bankruptcy petition itself. In other matters arising in or related to Title 11 cases, unless the Code provides otherwise, state courts have concurrent jurisdiction, and bankruptcy courts are prohibited from relitigating these matters if the state courts have already resolved them.

It is this writer's impression that the Bankruptcy Court has been pressed to the borderline of its jurisdictional limits by McAlister motion to dismiss. However instructive it may be or not, in this writer's opinion it is worth taking note of the how the U.S. Supreme Court addressed this issue in *Callaway*.

Although *Callaway* was mired somewhat in distracting issues concerning reorganization of a railroad, the interstate commerce commission's role, bondholders and such, the heart of the case concerned a relatively simple issue: did the district court (acting in the capacity of a bankruptcy court), have superior authority over a Georgia state court to decide whether a railroad's lease required unanimous stockholder approval or mere majority. Hence, the issue before the U.S. District Court involved a pure state law question of an internal corporate nature, voting rights. Ultimately, the U.S. Supreme Court held, affirming the Fifth Circuit, held the U.S. District Court did not have jurisdiction, stating:

> We have held that a court of bankruptcy has exclusive and nondelegable control over the administration of an estate in its possession. *Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478 (1940*); Isaacs v. Hobbs Tie & T. Co.,* 282 U.S. 734 (1931*).* There can be no question, however, that Congress did not give the bankruptcy court exclusive jurisdiction over all controversies that in some way affect the debtor's estate.
> . . .
>
> The interest held by the debtor in South Western's lines was a leasehold estate. Such an estate is the debtor's "property" within the meaning of the Act. Any controversy involving that estate would have been within the exclusive jurisdiction of the bankruptcy court. Here, however, the question involves not the debtor's leasehold, but the reversion in fee held by South Western as lessor. South Western was not in reorganization jointly with its lessee, nor could it have been reorganized in the Central's proceedings. The

> controversy which respondents initiated in the state court, and which the district court decided after having enjoined the state proceedings, requires a determination of the rights of the stockholders of South Western *inter se* to sell their reversionary interest in the property. We think that the interest here involved is not part of the property of the debtor, and that the district court's assertion of exclusive jurisdiction was error.

*Callaway v. Benton*, 336 U.S. 132. 147-148 (1947).

Movants bring the aforementioned to the Court's attention on an informational basis only, and because the novel and uncharted issues confronting the Bankruptcy Court in McAlister's motion to dismiss may call for exceptional procedures.

                                                Respectfully submitted,

                                                Derek A. Wyatt, an interested party filer and member-manager of WYATT & McALISTER, PLLC, appearing *pro se*,

                                                By: <u>s/ Derek A. Wyatt, *pro se*</u>
                                                        Derek A. Wyatt, MSB No. 7413

                                                Wyatt & McAlister, PLLC,
                                                Chapter 7 Debtor

                                                By: <u>s/ Vann F. Leonard, Esq.</u>
                                                        Vann F. Leonard, MSB No. 9611

**Physical Address:**
Derek A. Wyatt , Esq.
MSB No. 7413
102 Northlake Lane
Madison, MS 39110
tel 601 954-1140

**Mailing Address:**
Derek A. Wyatt , Esq.
MSB No. 7413
102 Northlake Lane
Madison, MS 39110
email: dwyatt@wyattlawpllc.com
tel 601 954-1140

**Mailing Address:**
Vann F. Leonard, Esq.
P.O. Box 16026
Jackson, MS 39236-6026
email: vflaw@bellsouth.net

## CERTIFICATE OF SERVICE

The undersigned counsel of record, Derek A. Wyatt *pro se*, for interested party filer Derek A. Wyatt, and Vann F. Leonard, for Wyatt & McAlister, PLLC, Chapter 7 Debtor, have this day caused the above and foregoing pleading or other document to be served by electronic mail on the following:

| | |
|---|---|
| For Mary McAlister: | Lawrence Allison |
| | Joseph Sclfani |
| | Brunini Law Firm |
| | P.O. Drawer 119 |
| | Jackson, MS 39205-0119 |
| | |
| Trustee: | Stephen Smith |
| | 5 Old River Place |
| | Suite 107 |
| | Jackson, MS 39202-3449 |
| | |
| Trustee's attorney: | Eileen N. Shaffer |
| | P.O. Box 1177 |
| | Jackson, MS 39215-1177 |
| | |
| U.S. Trustee: | R. Michael Bolen |
| | 100 W. Capitol St. |
| | Suite 706 |
| | Jackson, MS 39269 |

This the 7th day of May, 2010.

By: s/ Derek A. Wyatt, *pro se*
    Derek A. Wyatt, MSBNo. 7413

By: s/ Vann F. Leonard, Esq.
    Vann F. Leonard, MSB No.9611