**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| WYATT & McALISTER, PLLC | CASE NO. 0904354EE |

| | |
|---|---|
| Hon. Vann F. Leonard<br>P. O. Box 16026<br>Jackson, MS 39236-6026<br>Email: vfllaw@bellsouth.net | Attorney for Debtor |
| Hon. Derek Wyatt<br>102 Northlake Lane<br>Madison, MS  39110<br>Email: dwyatt@wyattlawpllc.com | *Pro Se* |
| Hon. Lawrence E. Allison<br>P. O. Drawer 119<br>Jackson, MS 39205<br>Email: lallison@brunini.com | Attorney for Mary McAlister |

Edward Ellington, Judge

**MEMORANDUM OPINION AND ORDER ON
*JOINT MOTION FOR NEW TRIAL, TO ALTER OR AMEND
JUDGMENT, AND/OR FOR RELIEF FROM FINAL JUDGMENT [DKT. 89]***

**THIS MATTER** came before the Court on the *Joint Motion for New Trial, to Alter or Amend Judgment, and/or for Relief from Final Judgment [DKT. 89]* filed on May 7, 2010, by the Debtor and Derek A. Wyatt, *pro se*, and the *Objection and Response of Mary* McAlister *to Joint Motion for New Trial, to Alter or Amend Judgment, and/or for Relief from Final Judgment* filed on

May 17, 2010, by Mary McAlister. On May 22, 2010[1], Derek A. Wyatt, *pro se,* filed his *Amended Rebuttal to "Objection and Response of Mary McAlister to Joint Motion for New Trial, to Alter or Amend Judgment, and/or for Relief from Final Judgment."* On May 21, 2010, the Debtor filed its *Joinder* in which it joins the rebuttal filed by Derek A. Wyatt. Having considered the motion, objection, rebuttal and joinder and otherwise being fully advised in the premises, the Court finds that for the reasons expressed below the motion is not well taken and should be denied.

## DISCUSSION

### A.

A voluntary petition under Chapter 7 of the United States Bankruptcy Code was filed on December 10, 2009, on behalf of Wyatt & McAlister, PLLC (W&M). The petition was signed by one of the members of W&M, Derek A. Wyatt (Wyatt). On December 14, 2009, Mary McAlister (McAlister) filed an *Emergency Motion to Dismiss Chapter 7 Voluntary Petition* (Motion to Dismiss). In her Motion to Dismiss, McAlister alleged that the petition should be dismissed as she and Wyatt each own a 50% interest in W&M; that there had been no vote of the members of W&M to file the bankruptcy petition; that Wyatt's 50% interest did not give him a majority vote; and therefore, he did not have the authority to file a petition on behalf of W&M.

The Debtor and Wyatt each filed a response in opposition to the Motion to Dismiss in which they both allege that McAlister had withdrawn from the PLLC, and that therefore, Wyatt, as the only member of W&M, Wyatt had the authority to file the bankruptcy petition.

A trial was held on the Motion to Dismiss and the responses on March 5, 2010, and the Court

---

[1] On May 21, 2010, Derek A. Wyatt filed a his first *Rebuttal to "Objection and Response of Mary McAlister to Joint Motion for New Trial, to Alter or Amend Judgment, and/or for Relief from Final Judgment."*

2

took the matter under advisement.

On April 23, 2010, the Court issued its *Findings of Fact and Conclusions of Law on the Emergency Motion to Dismiss Chapter 7 Voluntary Petition* and its *Final Judgment Granting in Part the Motion to Dismiss Chapter 7 Voluntary Petition* (collectively, Opinion).  In its Opinion, the Court found that pursuant to

> the Mississippi Limited Liability Company Act, for any PLLC formed after July 1, 1998, a member may only withdraw from a PLLC if the certificate of formation or operating agreement so provides.  In the case of Wyatt and McAlister, PLLC, neither the *Certificate of Formation* nor an operating agreement provide for the voluntary withdrawal of a member.  Therefore, at the time the petition was filed, McAlister was a member of W&M.  Since McAlister did not vote in favor of W&M filing bankruptcy, Derek A. Wyatt did not have the authority to file the petition on behalf of Wyatt and McAlister.  Accordingly, the *Emergency Motion to Dismiss Chapter 7 Voluntary Petition* should be granted. . . .[2]

On May 7, 2010, the Debtor and Wyatt (collectively, Movants) filed their *Joint Motion for New Trial, to Alter or Amend Judgment, and/or for Relief from Final Judgment [DKT. 89]* (Motion). McAlister filed her *Objection and Response of Mary McAlister to Joint Motion for New Trial, to Alter or Amend Judgment, and/or for Relief from Final Judgment* on May 17, 2010.  On May 22, 2010, Derek A. Wyatt, *pro se,* filed his *Amended Rebuttal to "Objection and Response of Mary McAlister to Joint Motion for New Trial, to Alter or Amend Judgment, and/or for Relief from Final Judgment."*  On May 21, 2010, the Debtor filed its *Joinder* in which it joins the rebuttal filed by Derek A. Wyatt.  (The rebuttal and joinder will be collectively referred to as Rebuttal.)

**B.**

In their *Memorandum of Authorities in Support of Joint Motion for New Trial, to Alter or

---

[2]*Findings of Fact and Conclusions of Law on the Emergency Motion to Dismiss Chapter 7 Voluntary Petition*, p. 12, April 23, 2010,

*Amend Judgment, and/or for Relief from Final Judgment [DKT. 89]*, the Movants appear to allege that because the Court looked to state law to determine whether Wyatt had the authority to file a bankruptcy petition on behalf of W&M, the Court lacked jurisdiction over the matter. The Movants state that "[t]here is no bankruptcy issue presently under consideration by the Court"[3] and "[i]t is this writer's impression that the Bankruptcy Court has been pressed to the borderline of its jurisdictional limits by McAlister (sic) motion to dismiss."[4] The Movants then cite two cases in support of their position that the Bankruptcy Court lacked jurisdiction: *Callaway v. Benton,* 336 U.S. 132, 69 S.Ct. 435, 93 L.Ed. 553, (1949) and *Sanders v. City of Brady (In re Brady, Texas, Municipal Gas Corporation),* 936 F. 2d 212 (5th Cir. 1991).

The *Brady* opinion cited by the Movants deals with the provisions of the Full Faith and Credit Act.[5] The second case cited by the Movants was *Callaway*. *Callaway* was a Bankruptcy Act case and involved a dispute over property which was not property of the debtor's estate and in which a state court asserted jurisdiction over. The Court finds the Movants' reliance on *Brady* and *Callaway* to support their assertion that the Court lacked jurisdiction to determine whether Wyatt had the authority to file a petition on behalf of W&M is misplaced. Therefore, the Court will not address these cases further.

However as to the question of this Court's jurisdiction, pursuant to Title 11 of the United States Code, "[a] voluntary case under a chapter of this title is commenced by the filing with the

---

[3]*Memorandum of Authorities in Support of Joint Motion for New Trial, to Alter or Amend Judgment, and/or for Relief from Final Judgment [DKT. 89]*, unnumbered page 2, May 7, 2010.

[4]*Memorandum of Authorities in Support of Joint Motion for New Trial, to Alter or Amend Judgment, and/or for Relief from Final Judgment [DKT. 89]*, unnumbered page 3, May 7, 2010.

[5]28 U.S.C. § 1738.

bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter."[6] Pursuant to 28 U.S.C. § 1334 (a), "the district court shall have original and exclusive jurisdiction of all cases under title 11."[7] On July 23, 1984, the *Nunc Pro Tunc Referral of Bankruptcy Matters to Bankruptcy Judges* order referred all cases filed in the Southern District of Mississippi under Title 11 to the Bankruptcy Judges of the Southern District of Mississippi. *See also* 28 U.S.C. § 157.

The terms *case* and *proceeding* are used throughout the Bankruptcy Code. While the term *case* is not defined in the Bankruptcy Code, "there is little doubt that 'case' as used under section 301 retains the meaning established in former Bankruptcy Rule 101."[8] The distinction between *case* and *proceeding* was explained in The Advisory Committee Note to former Rule 101 as follows:

> A proceeding initiated by a petition for an adjudication under the Bankruptcy Act is designated a "bankruptcy case" for the purpose of these rules. The term embraces all controversies determinable by the court of bankruptcy and all the matters of administration arising during the pendency of the case . . . . The word "proceeding" as used in these rules generally refers to a litigated matter arising within a case during the course of administration of an estate. The term "case" therefore refers to the overall spectrum of legal action taken under one of the debtor relief chapters. It is the widest term functionally. The term "proceeding," by contrast, refers to any particular action raised or commenced within the case, including motions and adversary proceedings, whether such actions raise disputed or consensual matters.

2 Collier on Bankruptcy ¶ 301.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Consequently, once Wyatt signed the voluntary petition and filed it with the Clerk of the Court, he invoked the "original and exclusive jurisdiction" of this Court to hear W&M's case which was filed

---

[6] 11 U.S.C. § 301(a).

[7] 28 U.S.C. § 1334(a).

[8] 2 Collier on Bankruptcy ¶ 301.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)

5

under Title 11 of the United States Code. Likewise, the Court has jurisdiction to hear the proceeding brought within the W&M case, namely the Motion to Dismiss.

As stated previously, in the case at bar, the Court had to look to state law to determine whether Wyatt had the authority to file a bankruptcy petition on behalf of W&M. "A person filing a voluntary bankruptcy petition on a corporation's behalf must be authorized to do so, and the authorization must derive from state law." *Keenihan v. Heritage Press, Inc.,* 19 F.3d 1255, 1258 (8th Cir. 1994). "Similar to partnerships and corporations, the requirements for filing a limited liability company ("LLC") bankruptcy will be contained in state law and the governing LLC agreement."[9] *See also In re Stavola/Manson Elec. Co., Inc.,* 94 B.R. 21 (Bankr. D. Conn. 1988)(bankruptcy petition filed by an officer of a corporation without the board's approval was dismissed where board authorization was required by state law and charter and bylaws were silent on the issue); *In re Yellow Cab Co-Op. Ass'n,* 144 B.R. 505, 509 (D. Colo. 1992)("[C]ases decided under the Bankruptcy Code look to state law and instruments of incorporation to determine whether a petition is filed with the proper corporate authority.")

The Movants appear to believe that because the Court examined state law to determine whether Wyatt had the authority to file a bankruptcy petition on behalf of W&M, the Court did not have jurisdiction over W&M's bankruptcy case. The Movants are misguided in this belief. As stated above, bankruptcy courts have 'original and exclusive' jurisdiction over a bankruptcy case. Within a bankruptcy case, bankruptcy courts routinely look to state law in order to decide issues which are governed by state law, but are under the umbrella or the framework of a bankruptcy case. The fact that a bankruptcy court examines state law does not remove a bankruptcy case from under

---

[9]*Id*. at ¶ 301.04[2][c].

its jurisdiction.

## C.

In the first numbered paragraph of their Motion, the Movants state that "[t]his post-judgment motion is timely filed pursuant to Fed. R. Civ. P. 59 and 60, as applied in bankruptcy cases pursuant to Fed. R. Bankr. P 9023 and 9024." [10] However, the Movants fail to list any specific subsections under Rule 59 or 60[11].

In addition, neither Rule 59 nor 60 are mentioned again in the Motion, the Movants' memorandum or the Rebuttal. The Court will assume that the Movants are proceeding under Rule 59(a)(1) and (2) and Rule 60(b). Each rule will be addressed separately.

### i. Rule 59

Rule 59, made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9023[12], provides in relevant part:

**Rule 59 New Trials; Amendment of Judgments.**

**(a) In General.**
> **(1) Grounds for New Trial.** The court may, on motion, grant a new trial on all or some of the issues – and to any party – as follows:
>
> . . . .
>
> (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

---

[10] *Joint Motion for New Trial, to Alter or Amend Judgment, and/or for Relief from Final Judgment [DKT. 89]*, ¶ 1, p. 1, May 7, 2010.

[11] Hereinafter all rules refer to the Federal Rules of Civil Procedure unless otherwise noted.

[12] As noted, Rule 59 is made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9023. Here and after, the Court will use the term Rule 59.

> **(2) Further Action After a Nonjury Trial.** After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.
>
> . . . .
>
> (e) **Motion to Alter or Amend a Judgment.** Any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment.

Fed. R. Civ. P. 59(a) & (e).

### a. Rule 59(a)

A motion for a new trial under Rule 59(a) may be granted "in a nonjury action if a new trial might be obtained under similar circumstances in a jury action . . . . A motion for a new trial in a nonjury case or a petition for rehearing should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." 11 Fed. Prac. & Proc. Civ. § 2804 (2d ed.)(footnotes omitted). "A motion under 59(a) or (e) should not serve merely as a means to relitigate a matter previously decided by the court." *In re Jones*, 112 B.R. 975, 977 (Bankr. W.D. Mo. 1989)(citation omitted).

### b. Rule 59(e)

The Fifth Circuit Court of Appeals has held that a Rule 59(e) motion is a motion that questions the correctness of a judgment. Further, the Fifth Circuit has held that "(r)econsideration of a judgment is an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem, Inc.,* 367 F.3d 473, 479 (5th Cir. 2004)(citations omitted). "Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Texas Comptroller of Public Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.),* 303 F.3d 571, 581 (5th Cir. 2002)(citations omitted) "'These motions cannot be used to raise arguments which could, and

8

should have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory.'" *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990)(citation omitted). Instead, a Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' that was not available before the judgment issued." *Dimopoulos v. Blakeway,* 2007 WL 1052551, at *1 (S.D.Tex. April 5, 2007)(citations omitted). A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories or arguments that could have been offered or raised before the entry of judgment." *Templet,* 367 F.3d at 479. "Arguments that the court was in error on the issues it considered should be directed to the court of appeals." *In re American West Airlines, Inc.,* 240 B.R. 34, 38 (Bankr. D.Ariz. 1999).

### c.

In their Motion, the Movants do not raise any issues for this Court to consider under Rule 59. Not only does the Motion not identify the standards the Court should consider when ruling on a Rule 59 motion, the Motion does not identify or list any facts or circumstances which would meet the standards required for the granting of a motion for a new trial or to alter or amend a judgment. There has been no evidence produced to show a manifest error of law or a mistake of fact, nor have the Movants cited any authority to support their position.

The Court finds that the Movants have not shown either a manifest error of law or fact or presented any newly discovered evidence that was not available to them before the Court issued its Opinion. In their Rebuttal, the Movants again fail to show a manifest error of law or fact or to present any newly discovered evidence. Rather, the Court finds that the Movants' Motion and Rebuttal are attempts to reassert the same arguments they made at the trial on the Motion to Dismiss. As stated previously, "[a]rguments that the court was in error on the issues it considered should be directed to the court of appeals." *In re American West Airlines, Inc.,* 240 B.R. 34, 38 (Bankr. D.Ariz.

9

1999). Consequently, the Court finds that the Movants' Rule 59 motion is not well taken and should be denied.

### ii. Rule 60(b)

As stated previously, since the Movants simply cited Rule 60 in their Motion without listing any specific subsections, the Court assumes that the Movants are proceeding under Rule 60(b). Rule 60, made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024[13], provides in relevant part:

> **Rule 60. Relief from Judgment or Order.**
>
> . . . .
>
> **(b) Ground for Relief from a Final Judgment, Order, or Proceeding.**
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(e);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

---

[13] As noted, Rule 60 is made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024. Here and after, the Court will use the term Rule 60.

10

"A motion filed pursuant to Rule 60(b) requires a showing of 'extraordinary circumstances.'" *Munoz v. Fortner,* 308 Fed. App'x 816, 818 (5th Cir. 2009)(citing *Hess v. Cockrell,* 281 F.3d 212, 216 (5th Cir. 2002))." *Duncan v. Caskey,* 2010 WL 1427594, at *2 (S.D. Miss. April 9, 2010).

> The purpose of permitting substantive relief from a judgment . . . is to allow the federal courts to strike the proper balance between two often conflicting principles–that litigation must be brought to a final close and that justice must be done. Because upsetting a settled judgment clashes with this finality objective, the relief is considered 'extraordinary' and generally reserved for only exceptional circumstances.

12B Fed. Prac. & Proc. Civ., p. 941-42 (2d ed.)(footnotes omitted).

The Movants do not assert any of the grounds necessary to obtain a relief under Rule 60(b) from this Court's April 23, 2010, Opinion. The Movants do not allege any mistake, newly discovered evidence, fraud, proof that the judgment is void, proof that the judgment has been satisfied, or any other justification for the relief. In other words, neither the Motion nor the Rebuttal recite any facts or circumstances which show 'extraordinary circumstances' which would entitle the Movants the relief they have requested. In addition, the Movants fail to provide the Court with any authority to support their contention that they are entitled to relief from the April 23, 2010, Opinion. Rather, in their Motion and Rebuttal, the Movants, as in the *Duncan* case cited above, are "merely expressing [their] disagreement with the ruling of the Court and reassert[ing] some of the same arguments [they] presented in [their Motion to Dismiss]." *Id.* at*2.

## CONCLUSION

The Movants have not met their burden to establish the requirements for obtaining relief pursuant to Rule 59(a) or (e). Neither have they shown 'extraordinary circumstances' which would entitle them to the relief requested pursuant to Rule 60(b). The fact that the Movants simply disagree with the Court's April 23, 2010, Opinion does not meet the requirements of Rule 59(a), (e) or Rule

60(b).

Further, in their Motion, memorandum and Rebuttal, the Movants are arguing issues not before this Court. This Court ruled on the simple issue of whether Derek A. Wyatt had the authority pursuant to state law to file a bankruptcy petition on behalf of W&M. The Court found that Wyatt did not have the authority to file the bankruptcy petition on behalf of W&M, and the Court finds nothing in the Movants' Motion to change or alter that ruling.

**IT IS THEREFORE ORDERED** that the *Joint Motion for New Trial, to Alter or Amend Judgment, and/or for Relief from Final Judgment [DKT. 89]* is not well taken and is hereby denied.

**SO ORDERED.**