**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

In re: WYATT & McALISTER, P.L.L.C.         Bankruptcy Case No.: 09-04354-EE
                                           Chapter 7 Proceeding

### DESIGNATION OF RECORD

Pursuant to Fed. R. Bankr. P. 8006, Derek A. Wyatt, an interested party and member-manager in good standing of Debtor Wyatt & McAlister, P.L.L.C., appearing *pro se*, files this designation of record and designates the following documents as being necessary to be included on appeal of this matter:

1. Docket No. 1; filed and entered 12/10/09; Chapter 7 Petition;

2. Docket No. 6; filed and entered 12/14/09; motion to dismiss;

3. Docket No. 8; filed and entered 12/15/09; Response to motion;

4. Docket No. 22; filed and entered 01/07/10; Hearing re motion;

5. Docket No. 23; filed and entered 01/07/10; Notice re objection;

6. Docket No. 43; filed and entered 01/27/10; Objection;

7. Docket No. 46; filed and entered 02/02/10; Order;

8. Docket No. 54; filed and entered 02/17/10; Notice;

9. Docket No. 72; filed and entered 03/05/10; Exhibits from hearing;

10. Docket No. 73; filed and entered 03/05/10; Brief;

11. Docket No. 74; filed and entered 03/30/10; Brief;

12. Docket No. 75; filed and entered 03/31/10; Memorandum;

13. Docket No. 84; filed and entered 04/12/10; Response;

14. Docket No. 85; filed and entered 04/12/10; Reply;

15. Docket No. 86; filed and entered 04/12/10; Reply;

16. Docket No. 87; filed and entered 04/12/10; Reply;

17. Docket No. 88; filed and entered 04/23/10; Facts and Conclusions;

18. Docket No. 89; filed and entered 04/23/10; Final Judgment;

19. Docket No. 94; filed and entered 05/07/10; Motion to reconsider;

20. Docket No. 95; filed and entered 05/07/10; Motion to reconsider;

21. Docket No. 96; filed and entered 05/07/10; Memorandum brief;

22. Docket No. 97; filed and entered 05/07/10; Memorandum brief;

23. Docket No. 98; filed and entered 05/21/10; Objection;

24. Docket No. 99; filed and entered 05/21/10; Brief;

25. Docket No. 100; filed and entered 05/21/10; Joinder;

26. Docket No. 101; filed and entered 05/22/10; Supplement;

27. Docket No. 102; filed and entered 05/26/10; Memorandum Order;

28. Docket No. 103; filed and entered 06/09/10; Notice of Appeal;

29. Docket No. 109; filed and entered 06/23/10; Notice of Appeal;

30. Docket No. 110; filed and entered 06/23/10; Appellant designation;

31. Docket No. 115; filed and entered 06/29/10; Appellant designation;

32. Docket No. 116; filed and entered 06/29/10; Request for transcript;

33. Docket No. 117; filed and entered 07/01/10; Notice to transcriber;

The following issues are anticipated on the appeal of the Bankruptcy Court's

Final Judgment, Findings of Fact and Conclusions of Law, entered on April 23, 2010:

1. Whether Mary McAlister violated the *Mississippi Limited Liability Company Act* ("Ms LLC Act") and specifically § 79-29-803 by unlawfully dissociating and withdrawing from Wyatt & McAlister PLLC eleven months (335 days) prior to the filing of the bankruptcy petition;

2. Whether the Bankruptcy Court erred by failing to construe and apply Miss. Code § 79-29-803 of the Ms LLC Act which expressly prohibits a member from unlawfully dissociating or withdrawing prior to a lawful statutory dissolution;

3. Whether Mary McAlister had any lawful right, authority or standing to contest the filing of a petition in bankruptcy after unilaterally dissociating and withdrawing from Wyatt & McAlister PLLC eleven months (335 days) prior to the filing of the bankruptcy petition;

4. Whether the Bankruptcy Court erred in failing to acknowledge and hold that Mary McAlister, having unlawfully dissociated and withdrawn from Wyatt & McAlister PLLC eleven months (335 days) prior to the bankruptcy filing, had no right, authority or standing as a former member-manager to contest the bankruptcy filing;

5. Whether, after causing the company's insolvency and engaging in wrongful dissolution of Wyatt & McAlister PLLC eleven months (335 days) prior to the filing of the bankruptcy petition, Mary McAlister had any lawful right, authority or standing to contest the filing of a petition in bankruptcy;

6. Whether the Bankruptcy Court erred by construing the Ms LLC Act to permit a member to "resign" an alleged employment relationship with the limited liability company and thereby circumvent Section 79-29-803 expressly prohibiting unauthorized, unilateral dissociation and withdrawal;

7. Whether the Bankruptcy Court erred by holding that Miss. Code § 79-29-803 "would have prevented" Mary McAlister from voluntarily withdrawing regardless of whether she circumvented the prohibition against unauthorized, unilateral dissociation and withdrawal by pretending to "resign" an alleged employment;

8. Whether the Bankruptcy Court erred by finding and concluding, contrary to federal and state law, that McAlister was an "employee" of Wyatt & McAlister PLLC;

9. Whether the Bankruptcy Court erred by failing to apply the Mississippi law of fiduciary duty and duty of loyalty applicable to members in a closely-held limited liability company when it ruled that Mary McAlister had lawful right, authority or standing to contest the filing of a petition in bankruptcy;

10. Whether the Bankruptcy Court erred in failing to acknowledge and hold that the Ms LLC Act contains no provision making the filing of a bankruptcy petition subject to special voting or approval procedures;

11. Whether the Bankruptcy Court erred in failing to acknowledge and hold that an extreme conflict of interest as a matter of law precluded Mary McAlister from contesting any necessary or permitted action by Derek Wyatt, the member-manager of Wyatt & McAlister PLLC in good standing;

12. Whether, by refusing the right of Wyatt & McAlister PLLC to seek protection under the Bankruptcy Code by arbitrarily requiring the consenting vote of a defected member, the Bankruptcy Court deprived Wyatt & McAlister PLLC, a separate and distinct entity under law, of its guaranteed due process and equal protection rights under the fifth and fourteenth amendments of the United States Constitution and Constitution of the State of Mississippi;

13. Whether the Bankruptcy Court's findings of fact are clearly erroneous under the applicable standard of review; *see e.g., In re Fabricators, Inc.*, 926 F.2d 1458, 1464 (5th Cir. Miss. 1991); and

14. Whether the Bankruptcy Court's conclusions of law are reversible error when reviewed under a *de novo* standard of review; *see e.g., In re Fabricators, Inc.*, 926 F.2d 1458, 1464 (5th Cir. Miss. 1991).

The names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

Wyatt & McAlister, P.L.L.C.  
(Debtor)

Vann F. Leonard, Esq.  
Post Office Box 16026  
Jackson, Mississippi 39236  
(601) 605-8228  
vjllaw@bellsouth.net

Derek A. Wyatt, *pro se*  
(member-manager; interested party)

Derek A. Wyatt, Esq.  
Wyatt Law PLLC  
102 Northlake Lane  
Madison, MS 39110  
(601) 954-1140  
dwyatt@wyattlawpllc.com

| | |
|---|---|
| Chapter 7 Trustee | J. Stephen Smith, CPA<br>Chapter 7 Trustee<br>5 Old River Place, Suite 107<br>Jackson, MS 39202<br>(601) 352-6767<br>trustee@smithcpafirm.com |
| Attorney for Chapter 7 Trustee | Eileen N. Shaffer, Esq.<br>P.O. Box 1177<br>Jackson, MS 39215-1177<br>(601) 949-4002<br>enslaw@bellsouth.net |
| United States Trustee | Office of the United States Trustee<br>Attention: Ronald H. McAlpin, Esq.<br>100 West Capitol St., Suite 706<br>Jackson, Mississippi 39269<br>(601) 965-5241<br>ronald.mcalpin@usdoj.gov |
| Mary McAlister | Lawrence Allison, Esq.<br>Brunini Law Firm<br>Post Office Drawer 119<br>Jackson, MS 39205-0119<br>(601) 948-3101<br>lallison@brunini.com |

Dated this 8th day of July, 2010.

Respectfully submitted,

Derek A. Wyatt, an interested party and member-manager in good standing of Debtor Wyatt & McAlister, P.L.L.C., appearing *pro se*,

By: s/ Derek A. Wyatt, *pro se*

Derek A, Wyatt, Esq., MSB No. 7413
Wyatt Law PLLC
102 Northlake Lane
Madison, Mississippi 39110
(601) 954-1140
dwyatt@wyattlawpllc.com

## CERTIFICATE OF SERVICE

Using the ECF system, I hereby certify that I have this date caused to be electronically filed with the Clerk of this Court, a true and correct copy of the above and forgoing Designation of Record to the persons named hereinabove.

Dated this 8th day of July, 2010.

s/ Derek A. Wyatt, MSB No. 7413