# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                                                      CHAPTER 7
WYATT & McALISTER, PLLC                                                   CASE NO. 09-04354EE


Hon. C. York Craig, Jr.                                              Attorney for Derek A. Wyatt
P. O. Box 12005
Jackson, MS  39236-2005
Email:  cycraig@fpwk.com

Hon. Derek A. Wyatt                                                                          *Pro Se*
Wyatt Law PLLC
102 Northlake Lane
Madison, MS  39110
Email:  dwyatt@wyattlawpllc.com

Hon. Lawrence E. Allison, Jr.                                 Attorneys for Mary E. McAlister
Hon. Joseph A. Sclafani
P. O. Drawer 119
Jackson, MS 39205
Email:  lallison@brunini.com
Email:  jsclafani@brunini.com


Edward Ellington, Judge


## FINDINGS OF FACT AND CONCLUSIONS
## OF LAW ON THE *EMERGENCY MOTION TO*
## *DISMISS CHAPTER 7 VOLUNTARY PETITION*
## **AND THE  *SUPPLEMENTAL MOTION FOR SANCTIONS***

**THIS MATTER** came before the Court on the request for sanctions contained in the

*Emergency Motion To Dismiss Chapter 7 Voluntary Petition* (Dkt. #6) and the *Supplemental Motion*

*for Sanctions* (Dkt. #134) filed by Mary E. McAlister; *Derek Wyatt's Response to Supplemental*

*Motion for Sanctions* (Dkt. #140); and the *Reply in Support of Supplemental Motion for Sanctions* (Dkt. #143) filed by Mary E. McAlister.  After considering the pleadings, the Court finds that the request for sanctions in the *Emergency Motion To Dismiss Chapter 7 Voluntary Petition* (Dkt. #6) and the *Supplemental Motion for Sanctions* (Dkt. #134) filed by Mary E. McAlister should be granted in part and denied in part.

## FINDINGS OF FACT

On December 10, 2009, a voluntary petition under Chapter 7 of the Bankruptcy Code was filed for the law firm of Wyatt & McAlister, PLLC.  The petition was filed by attorney Vann F. Leonard, and was signed by a member of Wyatt & McAlister, PLLC, Derek A. Wyatt.

After the petition was filed, the only other member of Wyatt & McAlister, Mary E. McAlister, filed an *Emergency Motion To Dismiss Chapter 7 Voluntary Petition* (Dkt. #6).  The following recitation of facts is from the Court's *Findings of Fact and Conclusions of Law on the Emergency Motion to Dismiss Chapter 7 Voluntary Petition* (Dkt. #88) (Dismissal Opinion), *In re Wyatt & McAlister, PLLC,* 09-04354EE, 2010 WL 1709920 (Bankr. S.D. Miss. April 23, 2010).

While all of the facts are not pertinent to the pleadings currently before the Court, they detail what occurred in this case up to the entry of the Dismissal Opinion:

> Prior to the formation of Wyatt & McAlister, PLLC (W&M), Derek Wyatt (Wyatt) and Mary McAlister (McAlister) both practiced law with the law firm of Nutt & McAlister, PLLC.  McAlister was one of Nutt & McAlister, PLLC's two members.  David Nutt (Nutt) was the other member of Nutt & McAlister, PLLC.  Wyatt's status with Nutt & McAlister, PLLC and other issues related to his association with Nutt & McAlister, PLLC are the subject of litigation pending in the Chancery Court of Madison County, Mississippi, and the Circuit Court of Lafayette County, Mississippi, and are not material to the motion to dismiss currently before this Court.
>
> During the latter part of 2008, Nutt decided that he wished to cease practicing law, and thereafter, David Nutt and Mary McAlister began the process of concluding the business of Nutt & McAlister, PLLC.  Subsequently, McAlister and Wyatt decided

2

to practice law together, and they formed W&M.

On September 22, 2008, a *Mississippi LLC Certificate of Formation* was filed with the Mississippi Secretary of State's office (Trial Exhibit P-1) in which Wyatt and McAlister formed Wyatt & McAlister, PLLC pursuant to the *Mississippi Limited Liability Company Act* (MLLCA) found at Miss. Code §§ 79-29-101, *et. seq.* (Rev. 2009).[1]  Wyatt and McAlister were the only members of W&M, and Wyatt and McAlister each owned a 50% interest in W&M.  W&M did not adopt a limited liability company agreement "to regulate or establish the affairs of the limited liability company, the conduct of its business and the relations of its members"[2] as provided in Miss. Code § 79-29-306 (Rev. 2009).[3]  At some point shortly after the formation of W&M, Wyatt and McAlister began to practice law together as a Professional Limited Liability Company.

Various disputes arose between Derek Wyatt and Mary McAlister culminating in McAlister delivering to Wyatt a letter dated January 8, 2009, in which she tendered her resignation (Trial Exhibit P-2)(Resignation Letter).  Wyatt contends the Resignation Letter was McAlister's resignation as a member of W&M, whereas McAlister contends that the Resignation Letter was her resignation as an employee of W&M and not as a member of W&M.

On January 16, 2009, Wyatt filed an application for judicial dissolution of W&M in the Chancery Court of Madison County, Mississippi (Dissolution Proceeding).  Subsequently, the chancellor appointed a Special Master, Robert W. Sneed, Esquire, to hear the Dissolution Proceeding.  On November 11, 2009, the Special Master conducted an evidentiary hearing in order to resolve all of the issues related to the dissolution of W&M including a determination of "whether the disputed assets are,

---

[1]W&M was formed as a Professional Limited Liability Company (PLLC) under Article Nine of the MLLCA.  *See* Miss Code §§ 79-29-901, *et. seq.* (Rev. 2009).  Only those individuals who are required by law to be licensed to provide professional services may operate as a PLLC.  The main difference between a LLC and a PLLC is the issue of the liability of the members.  Under a LLC, a member's liability is limited to their investment in the company.  Under a PLLC, there is a difference: a member is liable for his or her own conduct but not the conduct of the other members–the negligence or wrong acts of one member do not subject the remaining members to personal liability simply as a result of their being a member of the PLLC.  PLLCs are subject to the same provisions governing LLCs to the extent the provisions do not conflict with the specific provisions relating to PLLCs under Article Nine.

[2]Miss. Code § 79-29-306(1) (Rev. 2009).

[3]While the official language in the MLLCA is *limited liability company agreement*, the more commonly used term is an operating agreement.  Both terms will be used interchangeably in this opinion.

in fact, owned by W&M, as Wyatt claims, or whether they are owned by Nutt & McAlister, PLLC and/or other entities in which David Nutt owns interests, as McAlister and David Nutt contend."[4]   Subsequent to the November 11, 2009, hearing, several other matters were scheduled for hearing in the Chancery Court of Madison County.

On December 10, 2009, a voluntary petition under Chapter 7 of the Bankruptcy Code was filed on Official Form 1.  The name of the Debtor is styled: Wyatt & McAlister PLLC.  On page 3 of Official Form 1, the following information is listed:

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X /s/ Derek A. Wyatt
Signature of Authorized Individual

Derek A. Wyatt
Printed Name of Authorized Individual

Member
Title of Authorized Individual

December 10, 2009
Date[5]

On December 14, 20[09], Mary McAlister filed her *Emergency Motion To Dismiss Chapter 7 Voluntary Petition* in which she alleges that the petition should be dismissed as she and Derek Wyatt each own a 50% interest in W&M; that there had been no vote of the members of W&M to file the bankruptcy petition; that Derek Wyatt's 50% interest did not give him a majority vote; and therefore, he did not have the authority to file a petition on behalf of W&M.  McAlister asks the Court to dismiss the petition and to award her attorney fees and monetary sanctions against Wyatt and the attorney for the Debtor for filing the petition.

---

[4]*Memorandum of Mary McAlister in Support of Motion to Dismiss*, p. 4 (March 30, 2010).

[5]*Voluntary Petition*, p. 3; Docket Entry #1; Case No. 09-04354EE.

In the *Debtor's Response to Emergency Motion to Dismiss Chapter 7 Voluntary Petition Filed by Mary McAlister*, the Debtor contends that McAlister's Resignation Letter was a resignation from her membership in W&M. Therefore, the Debtor contends that Wyatt was the only member of W&M and that he was authorized to file the bankruptcy petition for W&M.

On January 27, 2010, Wyatt filed a separate *Objection and Response to Motion to Dismiss* "individually, as an interested party and member in good standing on behalf of Wyatt & McAlister, PLLC, . . ."[6] Basically, Wyatt gives the same reasoning as found in the Debtor's response as the basis for his authority to file the petition for W&M.

On March 5, 2010, the Court held a trial on the Motion and the two responses. The Court informed the parties that the Court was bifurcating the issues contained in the Motion: the Court would proceed on the motion to dismiss and would decide the issue of attorney fees and sanctions at a later date. At the conclusion of the trial, the Court took the issue of dismissal of the case under advisement and instructed the parties to submit briefs supporting their respective positions.

*In re Wyatt & McAlister, PLLC,* 2010 WL 1709920, at *1-3.

In its Dismissal Opinion, the Court granted McAlister's request to dismiss the Wyatt & McAlister bankruptcy case. The Court found that under the Mississippi Limited Liability Company Act, a member may only withdraw from a PLLC if the certificate of formation or the operating agreement so provides.

Wyatt & McAlister (W&M) did not have an operating agreement, and the *Certificate of Formation* did not provide for the voluntary withdrawal of a member. Therefore, the Court found that when Wyatt filed the bankruptcy petition for W&M, McAlister was still a member. Since McAlister did not vote in favor of W&M filing bankruptcy, Wyatt did not have the authority to file the petition on behalf of W&M. Consequently, the Court granted the *Emergency Motion to Dismiss Chapter 7 Voluntary Petition* (Dismissal Motion) and dismissed the bankruptcy case. However, the

---

[6]*Objection and Response to Motion to Dismiss,* p. 1 (January 27, 2010).

5

Court held that the request for sanctions and attorneys' fees contained within the Dismissal Motion would be reserved for decision at a later date.

On June 9, 2010, W&M by and through its attorney, Vann F. Leonard, filed its *Notice of Appeal* (Dkt. #103) (Debtor's Appeal) of the Dismissal Opinion.  On June 23, 2010, Wyatt filed his *Notice of Appeal* (Dkt. #109)[7] (Wyatt's Appeal) of the Dismissal Opinion as "an interested party and member-manager in good standing of Debtor Wyatt & McAlister, P.L.L.C., appearing *pro se*."[8]

W&M filed a *Designation of Record* (Dkt. # 110) and a *Supplemental Designation of Record* (Dkt. #115).  Wyatt filed a *Designation of Record* (Dkt. #118) on July 8, 2010.  McAlister filed her *Appellee's Supplemental Designation of Record* (Dkt. #119) and her *Appellee's Amended Designation of Record* (Dkt. #122).

Thereafter, the records were transmitted to the United States District Court for the Southern District of Mississippi.  Wyatt's Appeal was given case number 3:10-cv-436-HTW-LRA and assigned to the Honorable Henry T. Wingate.  W&M's Appeal was given case number 3:10-cv-449-DPJ-FKB and was assigned to the Honorable Daniel P. Jordan, III.  On October 22, 2010, in accordance with the local rules, Judge Wingate signed an order consolidating the appeals under the lower-numbered case, 3:10-cv-436-HTW-LRA.

As an aside, as noted above, Mr. Leonard filed the appeal on behalf of W&M.  However, after all of the pleadings and briefs were filed in District Court, Mr. Leonard tendered his *Notice of Irrevocable Resignation* to the Mississippi State Bar on July 22, 2011.  On January 9, 2012, United

---

[7]For some reason, Wyatt filed another *Notice of Appeal* (Dkt. #111) also on June 23, 2010.  However, it appears that the pleadings are identical.

[8]*Notice of Appeal*, Case No. 09-04354EE, Docket #109, June 23, 2013, unnumbered page 1.

6

States District Court Judge for the Northern District of Mississippi, Sharion Aycock, sentenced Mr. Leonard to 37 months in a federal penitentiary for conduct in an unrelated case in the Northern District of Mississippi. (Case No. 1:10-cr-172-SA-DAS). Since July of 2011, Mr. Leonard has not represented W&M in any capacity.

On September 18, 2012, the appeal was reassigned from Judge Wingate to the Honorable Keith Starrett. The case number was changed to: 3:10-cv-436-KS-MTP.

On October 12, 2012, Judge Starrett entered an *Opinion and Order*[9] in which Judge Starrett affirmed this Court's dismissal of the above-styled bankruptcy proceeding. Judge Starrett acknowledged that "[t]he sole decision yet to be made in said case regards the issue of attorneys' fees and sanctions and it is to be made by the Bankruptcy Court."[10]

As noted above, McAlister filed her Dismissal Motion on December 14, 2009. In paragraph four (4), McAlister states "pursuant to Federal Rule of Bankruptcy Procedure 9011 and/or the Court's inherent power, McAlister respectfully requests that the Court sanction Wyatt and/or his counsel of Record for falsely and fraudulently certifying the Petition."[11] In the prayer of the Dismissal Motion, McAlister also requests an award of attorneys' fees.[12]

On March 18, 2013, McAlister filed a *Supplemental Motion for Sanctions* (Dkt. #134). (Supplemental Motion). In the Supplemental Motion, McAlister reiterated that she sought sanctions

---

[9]*Opinion and Order*, Case No. 3:10-cv-436-KS-MTP, Dkt. #21, Oct. 12, 2012.

[10]*Id.* at 6.

[11]*Emergency Motion to Dismiss Chapter 7 Voluntary Petition,* Case No. 09-04354EE, Dkt. #6, December 14, 2009, p. 2.

[12]*Id.*, at 3.

7

and/or attorneys' fees under Federal Rule of Bankruptcy Procedure 9011[13] and/or the Court's inherent power against Wyatt for the filing of the bankruptcy petition. In addition, McAlister requested sanctions and attorneys' fees for Wyatt's litigation of the Dismissal Motion in this Court and in District Court. Attached to the Supplemental Motion as Exhibit 1 is the *Affidavit of Lawrence E. Allison, Jr.* (Affidavit). Exhibit A to the Affidavit is the billing statement from Mr. Allison's law firm, Brunini, Grantham, Grower & Hewes, PLLC. In the Supplemental Motion, McAlister requests $105,442.75 as reasonable and necessary attorneys' fees she states she incurred in seeking to have the W&M bankruptcy case dismissed.

By and through his attorney, C. York Craig, III, Wyatt filed *Derek Wyatt's Response to Supplemental Motion for Sanctions* (Dkt. #140) (Wyatt's Response) on April 22, 2013. Prior to Mr. Craig filing Wyatt's Response in April of 2013, Wyatt had signed the pleadings he had filed as "Derek A. Wyatt, *pro se*". In Wyatt's Response, one of Wyatt's contentions is that Rule 9011 sanctions are not warranted because he did not file the bankruptcy petition in order to harass, cause unnecessary delay or cause a needless increase in litigation costs. Wyatt further contends that when the W&M petition was filed, he was a *represented party*, and therefore, he was not subject to monetary sanctions under Rule 9011(b)(2).

McAlister filed her *Reply in Support of Supplemental Motion for Sanctions* (Dkt. #143) (Reply) on April 26, 2013. In her Reply, McAlister states that Mr. Leonard did not represent Wyatt individually, rather, Wyatt represented himself *pro se*. Therefore, McAlister alleges that Wyatt is subject to Rule 9011 sanctions. McAlister reiterated her request for $105,442.75 in attorney fees.

The matter was set for hearing on May 21, 2013. At the hearing, the parties announced to

---

[13]Hereinafter, all rules refer to the Federal Rules of Bankruptcy Procedure unless specifically noted otherwise.

8

the Court that they were unable to resolve their differences.  All parties agreed that the Court could make its decision based upon the pleadings, and the Court took the matter under advisement.

## CONCLUSIONS OF LAW

### I.

This Court has jurisdiction of the subject matter and of the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.  This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A).

### II.  Rule 9011 Sanctions

Within its Dismissal Motion and Supplemental Motion,[14] McAlister raises the issue of sanctions and attorneys' fees pursuant to Rule 9011.  In the Dismissal Motion, McAlister requests that the Court sanction both Wyatt and his attorney, Mr. Leonard, for "filing this patently false and frivolous Petition and impose monetary sanctions, including an award of attorneys' fees incurred by McAlister in connection with this Motion."[15]  In the Supplemental Motion, McAlister renews her request for sanctions and/or attorneys' fees against Wyatt[16] related to the filing of the petition, and in addition, she requests sanctions and/or attorneys' fees for having to litigate the dismissal of the W&M bankruptcy case.

The Sanctions Request does not specify the particular subsection(s) of Rule 9011 under

---

[14]Hereinafter, unless noted otherwise, the requests for Rule 9011 sanctions contained within the Dismissal Motion and the Supplemental Motion will be collectively referred to as Sanctions Request.

[15]*Emergency Motion to Dismiss Chapter 7 Voluntary Petition,* Case No. 09-04354EE, Docket #6, December 14, 2009, p. 2.

[16]The Court notes that initially, McAlister was requesting sanctions against Mr. Leonard and Wyatt.  However, since Mr. Leonard has been disbarred, McAlister's Supplemental Motion only seeks sanctions against Wyatt.  Therefore, the Court will not address any sanctions against Mr. Leonard.

which McAlister is requesting the Court to award her sanctions and/or attorneys' fees. It is only

when McAlister filed her Reply to Wyatt's Response that McAlister states that she is requesting

sanctions and/or attorneys' fees under subsections (b)(1), (b)(2) and (b)(3) of Rule 9011. Rule 9011

provides in pertinent part:

> Rule 9011. Signing of Papers; Representations to the Court; Sanctions; Verification and Copies of Papers.
>
> (a) Signature. Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.
>
> (b) Representations to the Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,–
>
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>>
>> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
>
> (c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law

firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) How Initiated.

(A) By Motion.  A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004.  The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b).  If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.

Fed. R. Bankr. P. 9011.[17]

In *Nelson v. Nationwide Mutual Ins. Co.,* United States District Court Judge, Daniel P. Jordan, III, recently addressed a similar situation in which a request for sanctions under Rule 11 of the Federal Rules of Civil Procedure was not filed in a separate motion nor was the *safe harbor* provision followed.  Judge Jordan found that:

The Nelsons argue it was an error of law to order sanctions against their counsel because Defendants Tatum and Upshaw "failed to follow the timeline of notice under the 'safe harbor' provision and failed to file a separate motion for sanctions." Pls.' Mot. to Reconsider [33] at 7. Plaintiffs are correct that, in the Fifth Circuit, Federal Rule of Civil Procedure 11 is strictly construed and compliance with the procedures set forth in the federal rule is mandatory. *In re Pratt,* 524 F.3d at 588 ("[W]e have continually held that compliance with Rule 11 is mandatory.") (finding informal notice of sanctions motion via letter does not satisfy Rule 11); *Elliott v. Tilton,* 64 F.3d 213, 216 (5th Cir.1995) (reversing imposition of sanctions per Rule 11 where

---

[17]This Court recently addressed the issue of Rule 9011 sanctions in *In re Greer*,  No. 1103337EE, 2013 WL 4460632 (Bankr. S.D. Miss. Aug. 19, 2013).

movant failed to serve motion for sanctions on defendants prior to filing, as required by Rule 11).

In this case, Defendants' motion for attorney's fees was not filed "separately from any other motion" as required by federal Rule 11, but was instead included in their Motion to Dismiss, or Alternatively for Summary Judgment. *See* Defs.' Notice of Non–Adjudicated Motions [15] Ex. A. Neither did Defendants serve the Nelsons with a separate motion for sanctions 21 days prior to filing the motion, as required by federal Rule 11(c). Defendants' informal letter notice to the Nelsons' counsel on April 6, 2011 fails to satisfy Rule 11(c). Defs.' Resp. in Opp. to Mot. to Reconsider [35] Ex. B.; *see In re Pratt,* 524 F.3d at 588. Thus, the Court erred in sanctioning the Nelsons' counsel pursuant to federal Rule 11, and that part of the June 30, 2011, Order is hereby vacated.

*Nelson v. Nationwide Mut. Ins. Co.*, 2012 WL 393242, at *5 (S.D. Miss. Feb. 6, 2012) (footnote omitted).[18]

The Court of Appeals for the Fifth Circuit has consistently "held that strict compliance with Rule 11 is mandatory,"[19] and that "[c]ompliance with the service requirement is a mandatory prerequisite to an award of sanctions under Rule 11."[20]   "A motion for Rule 11 sanctions is appropriately denied when the movant fails to comply with the [safe harbor provision]."[21]

### a.  Separate Motion

As noted previously, McAlister's request for Rule 9011 sanctions is contained within her Dismissal Motion and her Supplemental Motion.  McAlister's inclusion of the request for Rule 9011 sanctions within her Dismissal Motion and her Supplemental Motion fails to comply with the

---

[18]In *Nelson*, Judge Jordan distinguished between Rule 11 of the Federal Rules of Civil Procedure and Rule 11 of the Mississippi Rules of Civil Procedure.  Judge Jordan found that while sanctions were not proper under (Federal) Rule 11, he did award sanctions pursuant to the Mississippi Litigation Accountability Act and Mississippi Rule of Civil Procedure 11.

[19]*The Cadle Co. v. Pratt (In re Pratt),* 524 F.3d 580, 588 (5th Cir. 2008) (footnote omitted).

[20]*Id.* at 586 (footnote omitted).

[21]*Ovella v. B&C Constr. & Equip., LLC,* 1:10CV285, 2012 WL 3267530, at *2 (S.D. Miss. Aug. 9, 2012).

procedural requirement of Rule 9011(c)(1)(A) that "[a] motion for sanctions under this rule shall be made separately from other motions or requests." Fed. R. Bankr. P. 9011(c)(1)(A). Consequently, McAlister's Sanctions Request does not strictly comply with Rule 9011's requirement of a separate motion as required by the Fifth Circuit.

### b.  Safe Harbor

### i.  Filing of the Petition

As for the *safe harbor* provision of Rule 9011, the Court acknowledges that the *safe harbor* provision of Rule 9011 does not apply to the filing of a bankruptcy petition:  when Rule 9011 sanctions are requested for the filing of the actual bankruptcy petition, a movant is not required to serve a Rule 9011 motion on the debtor twenty-one (21) days before filing the Rule 9011 motion with the court.[22]  Consequently, as it relates to the filing of the bankruptcy petition of W&M, McAlister was not required to comply with the *safe harbor* provision of Rule 9011.   Therefore, if McAlister had filed her request for Rule 9011 sanctions as a separate motion, the Court could consider awarding sanctions against Wyatt.  However, since McAlister failed to file her Sanctions Request as a separate motion as required by Rule 9011, Wyatt is not subject to sanctions under Rule 9011 for the filing of the petition.

If McAlister's Supplemental Motion could be considered to be a separately filed motion which complies with Rule 9011(c)(1)(A), the Court declines to issues sanctions and/or attorneys' fees against Wyatt for the signing and filing of the bankruptcy petition.  In neither her Supplemental Motion nor her Reply did McAlister cite any case law to support her position that Wyatt was unrepresented at the time the bankruptcy petition was filed.  The Court finds that at the time the petition was filed, Wyatt was represented by Mr. Leonard, and therefore, was a represented party

---

[22]*See* 10 *Collier on Bankruptcy* ¶ 9011.05[1][b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

as contemplated by Rule 9011(a) and (b). Consequently, Wyatt is not subject to Rule 9011 sanctions for signing and filing the bankruptcy petition.

### ii. Dismissal Litigation

As noted previously, in her Dismissal Motion, McAlister requests Rule 9011 sanctions and attorneys' fees against Mr. Leonard and Wyatt for improperly filing the bankruptcy petition of W&M. In her Supplemental Motion, McAlister renewed her request for sanctions and attorneys' fees against Wyatt for the filing of the bankruptcy petition, and also included an additional request for sanctions and attorneys' fees related to the litigation of the dismissal of the bankruptcy case before this Court and in District Court.

In order for the Court to consider an award for Rule 9011 sanctions and attorneys' fees related to the litigation of the Dismissal Motion, McAlister must comply with the *safe harbor* provision of Rule 9011. In order to comply with the *safe harbor* provision, McAlister had to serve a copy of a separate motion requesting sanctions under Rule 9011 on Wyatt twenty-one (21) days before the request was filed with the Court.

Assuming for the sake of argument that McAlister's request for sanctions contained within her Supplemental Motion satisfies the separate-motion requirement of Rule 9011, McAlister has not submitted any proof that her request for Rule 9011 sanctions was served on Wyatt in compliance with the *safe harbor* provision of Rule 9011(c)(1)(A).[23] Consequently, the Court finds that McAlister has failed to comply with Rule 9011's *safe harbor* provision and is not entitled to an award of sanctions and attorneys' fees under Rule 9011 against Wyatt for his continued litigation

---

[23]The Court notes that the *Certificate of Service* attached to the Dismissal Motion states that it was served on Mr. Leonard on the same day it was filed with the Court, namely December 14, 2009. There is no indication that the Dismissal Motion was served on Wyatt. As for the Supplemental Motion, the *Certificate of Service* states that it was served on Wyatt on the same day it was filed with the Court, namely March 18, 2013.

of the Dismissal Motion.

### iii.  Summary

*Sanctions for the Filing of the W&M Bankruptcy Petition*:  If the Supplemental Motion is considered to be a separate motion and thereby complies with Rule 9011(c)(1)(A), the Court finds that Wyatt is not subject to sanctions under Rule 9011 because at the time he signed and filed the bankruptcy petition of W&M, he was a represented party as contemplated by Rule 9011(a) and (b).

*Sanctions for the Litigation of the Dismissal Motion*:  Since McAlister failed to strictly comply with Rule 9011 by filing her Rule 9011 request separately from other motions and failed to strictly comply with the *safe harbor* provision, the Court finds that her request for Rule 9011 sanctions and attorneys' fees against Wyatt for the litigation of the Dismissal Motion is not well taken and should be denied.

### III.  Sanctions Under the Court's Inherent Power

### a.  Sanctions

In addition to requesting sanctions under Rule 9011, McAlister requested in her Sanctions Request that the Court sanction Wyatt under its inherent power "for falsely and fraudulently certifying the Petition"[24] and for continuing to litigate the Dismissal Motion.  McAlister does not cite any cases or any code sections to support her position that the Court has the authority to sanction Wyatt under the Court's inherent power.

The case at bar involves an unusual fact situation.  W&M was a professional company created for the sole purpose of allowing Wyatt and McAlister to practice law together.  Wyatt signed the petition as a member of W&M and as the authorized individual.  Wyatt is an attorney licensed to practice law in the State of Mississippi, and prior to 2009, he had practiced law for approximately

---

[24]*Emergency Motion to Dismiss Chapter 7 Voluntary Petition,* Case No. 09-04354EE, Docket #6, December 14, 2009, p. 2.

twenty-six (26) years.[25]  With regard to the Dismissal Motion, Wyatt himself filed fourteen (14) different pleadings.  The majority of these pleadings were filed by Wyatt as "an interested party filer and member-manager of Wyatt & McAlister, P.L.L.C." and signed as "Derek A. Wyatt, *pro se*".  At least two of the pleadings were filed by Wyatt purportedly on behalf of W&M.[26]

As noted above, in her Reply, McAlister contends that because Wyatt filed pleadings on his own behalf, he was not a represented party and is subject to sanctions under Rule 9011(b)(2).  However, the Court found that Wyatt was a represented party at the time the petition of W&M was signed and filed with the Court, and therefore, Wyatt is not subject to Rule 9011 sanctions for signing and filing the petition.

At the time the petition was filed and up until July of 2011 when Mr. Leonard was disbarred, W&M was represented by Mr. Leonard in both the Bankruptcy Court and the District Court.  However, shortly after McAlister filed her Dismissal Motion, Wyatt began filing pleadings on his own behalf.  Wyatt continued to file pleadings related to the litigation of the Dismissal Motion in both the Bankruptcy Court and the District Court.  Indeed, as noted above, Wyatt also filed at least two (2) pleadings on behalf of W&M in the Bankruptcy Court.  Therefore, Wyatt was not a represented party in the litigation involving the Dismissal Motion and could be subject to Rule 9011 sanctions.

Since Wyatt could be subject to Rule 9011 sanctions for the pleadings he filed regarding the Dismissal Motion, the Court must rely on Rule 9011, and not its inherent powers, as the possible

---

[25]*Derek Wyatt's Response to Supplemental Motion for Sanctions,* Exhibit A, *Affidavit,* Case No. 09-04354EE, Docket #140, April 22, 2013.

[26]Wyatt filed on behalf of W&M:  *Joint Motion for New Trial, to Alter or Amend Judgment, and/or for Relief from Final Judgment [Dkt. 89]* (Dkt. #95) and *Memoranum (sic) of Authorities in Support of Join Motion for New Trial, to Alter or Amend Judgment, and/or for Relief from Final Judgment [Dkt. 89]* (Dkt. # 87).

source of authority available to sanction Wyatt. "'A sanctioning court should ordinarily rely on available authority conferred by statutes and procedural rules, rather than [any] inherent power, if the available source of authority would be adequate to serve the court's purpose.'"[27]

The Court has previously found that McAlister failed to properly plead her Rule 9011 sanctions, and therefore, Wyatt may not be sanctioned under Rule 9011 for his actions in litigating the Dismissal Motion. Consequently, neither Rule 9011 nor the Court's inherent powers are available as avenues for sanctioning Wyatt for litigating the Dismissal Motion.

However, it is a different situation as to the signing and filing of the petition. The Court found that when Wyatt signed the petition, he was a represented party, and therefore, Rule 9011 may not be used as an avenue for sanctions for the signing and filing of the petition.

Since Wyatt cannot be sanctioned for filing the petition under Rule 9011, there is not an available statutory or procedural source of authority to sanction Wyatt for signing and filing the petition. "When other sources of authority are not available, courts may resort to their inherent powers, as '[t]here can be little doubt that bankruptcy courts have the inherent power to sanction vexatious conduct presented before the court.' *In re Rainbow Magazine, Inc.,* 77 F.3d 278, 283–84 (9th Cir.1996) (citing § 105(a)); *Conner v. Travis County,* 209 F.3d 794 (5th Cir.2000))."[28] The court's inherent powers may only be employed to "'fill in the interstices' that other provisions and rules do not reach. *See Chambers,* 501 U.S. at 33, 46–47, 111 S.Ct. 2123."[29] Therefore, the Court's inherent powers are available as an avenue for the Court to determine if an award of sanctions against Wyatt for signing and filing the petition are necessary.

---

[27]*In re David,* 487 B.R. 843, 867 (Bankr. S.D. Tex. 2013) (quoting *In re Rimsat, Ltd.,* 212 F.3d 1039, 1048 (7th Cir. 2000)).

[28]*Id.* at 870.

[29]*Id.*

In addition to the inherent powers articulated by the United States Supreme Court in *Chambers,* "§ 105(a) of the Code specifically allows bankruptcy courts to issue any order that is 'necessary or appropriate to carry out the provisions' of the Bankruptcy Code or 'to prevent an abuse of process.' 11 U.S.C. § 105(a)."[30]

However, before a court can impose such sanctions, the Fifth Circuit imposes specific requirements upon the court. First, "'the threshold for the use of inherent power sanctions is high.'"[31] Second, general complaints about a sanctioned party are insufficient to support a imposition of sanctions.[32] Third, when a court imposes sanctions using its inherent powers, a court must make "specific finding[s] of bad faith."[33] "In effect, to impose sanctions using its inherent powers, this Court must find that the 'very temple of justice has been defiled' by the party's conduct." *Knight v. Luedtke (In re Yorkshire, LLC),* 540 F.3d 328, 332 (5th Cir. 2008).

The case of *In re Stomberg* explains the interplay between § 105 and a court's inherent power:

> Additionally, this Court has the inherent power to sanction pursuant to § 105 of the Bankruptcy Code. Under this section, the Court may issue any order that is "necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Section 105 does not exist to merely punish behavior already sanctioned by other mechanisms. Rather, § 105 is meant to "fill in the interstices" that rules such as 9011(c) do not fill. *See Chambers,* 501 U.S. at 33, 46–47, 111 S.Ct. 2123 ("[O]ther [sanction] mechanisms, taken alone or together, are not substitutes for the inherent power, for that power is both broader and narrower than other means of imposing sanctions ... [W]hereas each of the other [sanction] mechanisms reaches only certain individuals or conduct, the inherent power extends to a full range of litigation abuses. *At the very least, the inherent power must continue to exist to fill in the interstices.* Even Justice Kennedy's dissent so concedes.") (emphasis added).

---

[30]*Id.*

[31]*Elliot v. Tilton,* 64 F.3d 213, 217 (5th Cir. 1995)(citation omitted).

[32] *Goldin v. Bartholow,* 166 F.3d 710, 722 (5th Cir. 1999).

[33]*Id.*

*In re Stomberg*, 487 B.R. 775, 817 (Bankr. S.D. Tex. 2013).

The case of *In re Yorkshire* is an almost identical fact situation as the one before this Court. In *Yorkshire,* Tracy Knight, who served as the president and a manager of Yorkshire, LLC, secretly filed a bankruptcy petition on behalf of Yorkshire, LLC and TAGT, L.P.[34] (collectively, Yorkshire). Knight incorrectly informed his attorney that he had the authority to file the petitions because he was the president and sole manager of Yorkshire. When the other members of Yorkshire discovered the bankruptcy filing, they moved to dismiss the petitions. The bankruptcy court dismissed the petitions after all parties stipulated that Yorkshire was solvent and not in default. The bankruptcy court reserved jurisdiction to hear the motion for sanctions. In granting sanctions against Knight and his attorney, the bankruptcy court cited two sources as the authority for imposing sanctions: Rule 9011(c) and its "inherent authority to regulate the practice of litigants and lawyers appearing before it[ ]."[35]

In affirming the bankruptcy court's award of sanctions under its inherent authority, the Fifth Circuit found that Knight filed the bankruptcy petitions "with the subjective intent to harm"[36] the other members of Yorkshire. The Fifth Circuit also affirmed the amount of sanctions awarded by the bankruptcy court. The bankruptcy court noted that "it 'should limit the sanction to what is sufficient to deter repetition of such conduct by others similarly situated,'"[37] and based the award on the amount of attorney fees incurred by the other members and upon the annual income and net worth of Knight and his attorney.

---

[34]Yorkshire, LLC was the sole general partner of TAGT, L.P.

[35]*In re Yorkshire*, 540 F.3d at 331.

[36]*Id.* at 332.

[37]*Id.*

In looking to the case at bar, the Court finds helpful a case from the Court of Appeals for the Eleventh Circuit, *Ginsberg v. Evergreen Sec., Ltd. (In re Evergreen Sec., Ltd.)*, 570 F.3d 1257 (11th Cir. 2009). In affirming an award of sanctions, the Eleventh Circuit discussed what warrants a finding of bad faith:

> "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." (*Id.*) (internal citations omitted). "If particularly egregious, the pursuit of a claim without reasonable inquiry into the underlying facts can be the basis for a finding of bad faith." *Barnes v. Dalton,* 158 F.3d 1212, 1214 (11th Cir.1998); *see also Jones v. Int'l Riding Helmets, Ltd.,* 49 F.3d 692, 695–96 (11th Cir.1995) (finding that a court must determine whether a reasonable inquiry was conducted prior to the filing of a pleading); *In the Matter of Med. One, Inc.,* 68 B.R. 150, 152 (Bankr.M.D.Fla.1986) (finding that failure to make a reasonable inquiry into whether a filing alleged valid claims was sanctionable). Further, continually advancing "groundless and patently frivolous litigation" is "tantamount to bad faith." *Glass,* 849 F.2d at 1265.

*In re Evergreen*, 570 F.3d at 1273-74.

Applying these guidelines to the case at bar, even though Wyatt was an experienced attorney who had been practicing law over twenty-six (26) years, the Court will give Wyatt the benefit of the doubt that when the W&M petition was filed on December 10, 2009, Wyatt did not knowingly raise a frivolous argument by asserting that he had the authority to file the bankruptcy petition on behalf of W&M. However, after this Court entered its Dismissal Opinion on April 23, 2010, it should have been very clear to an experienced attorney like Wyatt that under Mississippi law, he did not have the legal authority to file the bankruptcy petition. As a licensed attorney with his vast experience, Wyatt was not an unsophisticated or uneducated participant in these proceedings. Wyatt knew W&M did not have an operating agreement, and he also was well aware that W&M's *Certificate of Formation* did not contain provisions for the voluntary withdrawal of a member. And yet, Wyatt moved this Court for a new trial and/or reconsideration of its Dismissal Opinion, and Wyatt appealed this Court's ruling in the Dismissal Opinion to the District Court. The Court finds that

20

Wyatt continued to advance the "groundless and patently frivolous"[38] argument that McAlister had withdrawn as a member of W&M and that he thereby had the authority to file the bankruptcy petition.

Even if Wyatt's argument that McAlister had voluntarily withdrawn from W&M could be considered to be meritorious, the Court finds that Wyatt continued to pursue his claim for the purpose of harassing McAlister and to delay or disrupt the litigation in state court. Indeed, in Wyatt's Response, he states that he filed the W&M bankruptcy petition in order to "put a stop to McAlister's end-run attempt [in state court]"[39] and to delay the enforcement of this Court's order dismissing the bankruptcy case. Similar to *Yorkshire,* the Court finds that with the subjective intent to harm McAlister, Wyatt continued to assert that he had the authority to file the W&M bankruptcy petition and continued to litigate his position that the W&M bankruptcy case should therefore not be dismissed.

"[R]egardless of whether a bankruptcy court chooses to impose sanctions under its inherent authority or under Section 105(a) of the Bankruptcy Code, it still must make a 'specific finding of bad faith.' *In re Parsley,* 384 B.R. 138, 179 (Bankr. S.D. Tex.2008)."[40] Consequently, the Court finds that Wyatt's conduct in continuing to pursue his argument that the W&M case should not be dismissed because he had the authority to sign and to file the W&M bankruptcy petition amounted to bad faith conduct that is sanctionable under either § 105 or under this Court's inherent powers.

### b. Amount of Sanctions

Like the *Yorkshire* bankruptcy court, the Court will use as a starting point the attorneys' fees

---

[38]*In re Evergreen*, 570 F.3d at 1274.

[39]*Derek Wyatt's Response to Supplemental Motion for Sanctions,* Case No. 09-04354EE, Docket #140, March 22, 2013, ¶ 10, p. 4.

[40]*In re Pastran*, 462 B.R. 201, 210 (Bankr. N.D. Tex. 2011).

21

requested by McAlister.  In her Sanctions Request, McAlister requests as sanctions the sum of $105,442.75, which represents the attorney fees incurred in connection with McAlister obtaining the dismissal of the W & M bankruptcy case.

In his pleadings, Wyatt does not argue that these fees were unreasonable and/or unnecessary. The Court finds that the hours of labor provided were not unreasonable and that the work was actually performed by McAlister's attorneys.  Further, the Court finds that the rates charged by McAlister's attorneys were reasonable and fair.

The Court finds that Wyatt should be sanctioned for the attorneys' fees incurred by McAlister after April 23, 2010–the date the Court entered its Dismissal Opinion.  In reaching its decision on the amount of attorney fees to award, the Court considered the information contained in Wyatt's affidavit regarding his income.

Based upon Mr. Allison's Affidavit,[41] the Court orders sanctions in the amount of $31,635.00 against Wyatt.  This amount represents the following:

| NAME: | NO. OF HOURS/RATE: | TOTALS: |
| --- | --- | --- |
| Lawrence E. Allison, Jr. | 57 hours at $325 an hour | $18,525.00 |
| Joseph A. Sclafani | 53.25 hours at $240 an hour | $12,780.00 |
| Paralegals | 3 hours at $110 an hour | $330.00 |
| **TOTAL:** | | **$31,635.00** |

The Court finds that this amount is sufficient to deter repetition of such conduct by Wyatt and/or any other similarly situated parties.  *In re Yorkshire*, 540 F.3d at 332.

## CONCLUSION

McAlister filed her Sanctions Request seeking sanctions and attorneys' fees against Wyatt.

---

[41]*Supplemental Motion for Sanctions,* Case No. 09-04354EE, Docket #134, March 18, 2013, Exhibit A to Exhibit 1 *Affidavit of Lawrence E. Allison, Jr.*

The Court notes that neither side provided the Court with much assistance in deciding the issues before it: McAlister submitted no legal authority to support her position that sanctions were warranted against Wyatt under Rule 9011 and/or the Court's inherent power, and Wyatt offered very little legal authority to support his position that sanctions were not warranted.

As for her Rule 9011 request regarding Wyatt's litigation of the Dismissal Motion, McAlister failed to strictly comply with Rule 9011 by failing to file her Rule 9011 request separately from other motions and failed to strictly comply with the *safe harbor* provision. Therefore, her request for Rule 9011 sanctions as to the litigation of the Dismissal Motion is not well taken and should be denied.      As to Wyatt's filing of the bankruptcy petition, even if her Sanctions Request had been properly filed in compliance with Rule 9011, the Court finds that sanctions under Rule 9011 are not warranted against Wyatt for signing and filing the petition because he was a represented party when he filed the W&M bankruptcy petition.

Whether under § 105 or under the Court's general inherent powers, the Court has "the inherent power to impose sanctions, particularly 'when statutes or rules prove inadequate to remedy misconduct;' although bad faith must generally be found when sanctions are imposed under those general powers."[42]  Since Rule 9011 is not available as an avenue to sanction Wyatt for filing the bankruptcy petition without the proper authority, the Court's inherent powers are available to the Court.

At the time the bankruptcy petition of W&M was filed, Wyatt was an experienced attorney who had been practicing law for twenty-six (26) years.  After the entry of the Court's Dismissal Opinion, as an attorney with his many years of experience, it should have been clear to Wyatt that under Mississippi law, he lacked the authority to file the bankruptcy petition of W&M without

---

[42]10 *Collier on Bankruptcy* at ¶ 9011.15 (footnotes omitted).

McAlister's approval.  Consequently, the Court finds that when Wyatt continued to litigate the issue of whether he had the authority to file the petition, Wyatt was acting "with a bad motive and with no meaningful thought being given to the actual purposes of chapter [7] bankruptcy."  *In re Yorkshire,* 540 B.R. at 332.  Therefore, under § 105 and/or the Court's inherent powers, the Court awards sanctions against Wyatt for his bad faith conduct.  The Court finds that the appropriate sanction against Wyatt should be the amount of McAlister's attorney fees incurred after the Court entered its Dismissal Opinion on April 23, 2010, namely $31,635.00.

A separate judgment consistent with this opinion will be entered in accordance with Rule 7054 of the Federal Rules of Bankruptcy Procedure.

Edward Ellington
United States Bankruptcy Judge
Dated: November 7, 2013

24